[No. 11305.   Department One. — June 9, 1888.]

JEREMIAH RYALL, APPELLANT, v. CENTRAL PACIFIC RAILROAD COMPANY, RESPONDENT.

CONTRIBUTORY NEGLIGENCE — NEGLIGENCE OF RAILROAD COMPANY — VIOLATION OF MUNICIPAL ORDINANCE. — When the plaintiff's own negligence is the proximate cause of damage to his person, by reason of his placing himself between two railroad tracks, at a place where he ought not to have been in the proper performance of his duty as an employee of the railroad company, and with his back toward an approaching train, which strikes him, he cannot recover on account of the negligence of the company in displaying no light upon the train, or in not complying with the precautions required by a municipal ordinance.

INSTRUCTIONS. — When there is no error in instructions which are excepted to, a possible mistake as to those not excepted to cannot be considered.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Royce & Cummins,* for Appellant.

*W. H. L. Barnes,* for Respondent.

FOOTE, C.—This action was brought to recover damages for injuries received from the cars of the defendant corporation, while the plaintiff was engaged in the alleged performance of his duty as an employee of the Southern Pacific Railroad Company.

The cause was tried before a jury, and a verdict rendered in favor of the defendant, from which, and an order denying a new trial, the plaintiff has appealed.

The negligence of the defendant is alleged as the proximate cause of the injuries received by the plaintiff, while the defendant contends that the carelessness of the plaintiff resulted in his being seriously hurt.

Conceding, without deciding, all that the plaintiff can possibly claim from the evidence, that defendant was guilty of negligence in running its cars against the plaintiff and maiming him, and that no light was displayed upon the rear of the train, or any of the precautions taken which an ordinance of the city of San Francisco required should be done, that in running its train as it did the defendant was guilty of a misdemeanor, nevertheless the evidence shows that the plaintiff, when struck, was not at the place where he should have been in the proper performance of his duty, in attending to the business of his employer; that fully informed of the danger which he ran, he unnecessarily and carelessly placed himself between two tracks, where a train moving upon one or both tracks would have endangered his being crushed, either if one was standing

still and the other in motion, or both had been in motion; that his back was turned toward the approaching train, which struck him, and it is very doubtful, even if there had been a light on the rear end of it, that he would have seen or noticed it. When struck he was between two trains, one on each track on both sides of him. In other words, we are clearly of opinion that the plaintiff's gross negligence, and not that of the defendant, was the proximate cause of the damage done to his person of which he complains.

This being so, we do not see how the jury could have found in his favor without doing so against the weight of evidence.

The court did not commit error in granting the portion of the instructions which was excepted to, and we cannot consider a possible mistake as to those instructions which were not excepted to. No prejudicial error appearing in the record, the judgment and order should be affirmed.

Belcher, C. C., and Hayne, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.