SOMMERVILLE, J.
Plaintiffs, the parents of a daughter almost 16 years of age, in the employ of the defendant company, sue the latter for $5,200 in damages for the loss of the end of the thumb of her right hand. They allege that defendant employed their daughter without requiring the certificate from the factory inspector of the city of New Orleans provided for in Act No. 301 of 1908, p. 453, and that their child was injured through the fault and negligence of defendant, its agents and employés; that she was permitted, required, and ordered to operate what is known as an “ear machine” in the can factory, which was very dangerous to inexperienced persons; that the machine was old, dilapidated, and not properly safeguarded; and that she in no manner contributed towards the accident.
Defendant answered admitting the employment of the girl without having required a factory inspector’s certificate, and pleaded contributory negligence.
There was judgment for plaintiffs in the sum of $750, and defendant has appealed. Plaintiffs have asked for an increase in the amount of the judgment.
[1, 2] It was negligence on the part of defendant to have employed the child of plaintiffs without having required the certificate from the factory inspector, as is provided for in Act 301 of 1908, p. 453. Darsam v. Kohlmann, 123 La. 164, 48 South. 781.
Plaintiffs failed to prove that the “ear machine” of defendant by which their daughter was injured was a dangerous machine, or that it was old, dilapidated, or out of repair.
The machine was designed and used to put “ears” on tin cans in the course of their being manufactured; it is worked by a foot treadle; there is a flywheel, with three lugs; and by putting the foot on the treadle the trigger is taken from the clutch which projects into the flywheel, which causes the machine to act. The “ear” is held between the thumb and index finger of the operator, and placed in position on the can; the treadle is pressed down by the foot and a die is forced down and fastens the “ear” in place on the can. If the foot is not removed from the treadle the die will descend again; but 'if the foot is removed from the treadle the die will not descend, if the machine is in good order; and the evidence is certain that *52 the machine which plaintiffs’ daughter was operating at the time of the accident was in good order; although the operator testified it was not.
[3] The only conclusion from the testimony is that the daughter of plaintiffs negligently permitted her foot to rest on the treadle, and that the die descended on her thumb and injured it. In so doing, she contributed towards the damage, and plaintiffs cannot recover.
Plaintiffs’ daughter had been permitted by one of her fellow servants to operate.the “ear machine,” without the consent of the foreman of defendant having been obtained, after she had been fully instructed how to operate it, and had been carefully cautioned, about the use of the treadle, by said fellow servant. She and other girls had successfully operated it and similar machines, without damage to them, when they used the proper caution. The machine does not appear to have been a dangerous machine to one who had been instructed how to use it, even though such person was a child 16 years of age.
It is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of defendant, dismissing plaintiffs’ suit, at their cost in both courts..