SOMMERVILLE, J.
Plaintiffs sue defendant in damages for the death of their son, aged 15 years and 5 months. They allege that he was originally engaged as messenger boy by defendant, and that he had been transferred’ to the pressroom by defendant, without their knowledge or consent; that he was there engaged in cleaning and wiping off printing presses at a time when electric motors were operating and revolving a shaft in the workroom at a high rate of speed; and that he was killed by said shaft. TÍhey charge that the employment by defendant of their son at a dangerous task, without their consent, and without an inspector’s certificate as to his age, constituted a violation of the child labor law of the state; that the requiring of their minor son to wipe off and clean printing presses in close proximity to a revolving shaft was likewise gross negligence; that the operating of the shaft with keys and screws protruding at an open space between two presses at the place where the minor was killed was likewise gross negligence.
Defendant answered and admitted the employment of the minor without requiring the factory agent’s certificate. It also admitted the death of the minor at the time and place alleged. It denied that the minor was engaged at or on a printing press at the time of the accident, or at a dangerous occupation, or in a dangerous place. It further pleaded contributory negligence.
There was judgment for defendant, and plaintiffs have appealed.
The evidence is that the deceased boy was cleaning a box of bolts on the floor, and in a safe place, at the time of the accident. The occupation was not dangerous. He was not cleaning a printing press, and was not in close proximity to a revolving shaft while working with the bolts. The evidence also shows that the shaft on which the boy was killed was not joined together with protruding keys or screws. It is also shown that the shaft was 'flanked on one side by presses and boxes so as to prevent one coming' into contact with it, except in small spaces on either side of the stove, and that one would have to squeeze through these places to come into contact with or to jump over the shaft. The boy left the bolts he was working with, went through the space by the stove, attempted to jump over the shaft, and he was killed.
Plaintiffs appear to rely upon the violation of the child labor law by defendant in failing to require a factory inspector’s certificate as to his age before employing their minor son. They argue that such failure was negligence per se on the part of defendant, and that it cannot therefore allege contributory negligence on the part of the boy.
This point has been considered by the court, but it has not been definitely disposed of.
In the case of Darsam v. Kohlmann, 123 La. 164, 48 South. 781, 20 L. R. A. (N. S.) 881, the law on the subject was stated, and defendant’s evidence of contributory negligence on the part of the minor was received and considered, and the case was decided in favor of the defendant.
In the course of the opinion the court *1071 quoted from 4 Thompson on Negligence (2d Ed.) § 3827, as follows:
“ * * * The view which more nearly comports with judicial analogies is that such unlawful employment of a child does not, per se, constitute negligence which will render the employer liable for injuries to the child, where such employment is not the direct or proximate cause of the injury.”
That view of the learned author is sustained by a consensus of opinion. Thus:
“When it appears that the violation of a statute, ordinance, or municipal regulation was a contributing cause to produce the injury complained of, then such statute * * * is com-
petent evidence to charge the defendant with negligence. But such evidence is incompetent, as being immaterial, if the violation of the statute did not contribute to produce the injury. Buswell on Personal Injuries (2d Ed.) 185— citing Wakefield v. Conn. & P. R., 37 Vt. 330, 86 Am. Dec. 711; Steves v. Oswego & Syracuse R. R., 18 N. Y. 422; Brooks v. Buffalo & N. F. R. R., 25 Barb. (N. Y.) 600; Dascomb v. Buffalo & State Line R. R., 27 Barb. (N. Y.) 221; Evans v. American Iron Tube Co. (C. C.) 43 Fed. 519.
“The fact that the defendant’s violation of duty consists in the violation of a statute will not relieve the plaintiff of the obligation of showing that he was in the exercise of due care — citing Taylor v. Carew Mfg. Co., 143 Mass. 470, 10 N. E. 308; Nosler v. Chicago, B. & Q. R. R., 73 Iowa, 268, 34 N. W. 850; Ryall v. Central Pacific R. R., 76 Cal. 474, 18 Pac. 430; Hudson v. Wabash R. R., 101 Mo. 13, 14 S. W. 15. * * *
“In many jurisdictions statutes have been enacted which impose upon masters certain duties in relation to their servants. AYliile it is well settled that the violation of these provisions is negligence per se, and actionable, if injuries are sustained by the servants in consequence thereof, they are nevertheless not so construed as to abrogate the ordinary rules relating to contributory negligence, which ‘is available as a defense, notwithstanding the statutes, unless they are so worded as to leave no doubt that this defense is to be excluded.’ A. & E. Enc. of Law (2d Ed.) vol. 20, p. 151. See, also, 26 Cyc. p. 1091.”
In the Darsa'm. Case, supra, the court say;
“The generally accepted view in regard to the relations between minors and their employers is, as we think, correctly stated as follows: ‘Persons who employ children to work with or about - dangerous machinery, or in dangerous places, should anticipate that they will exercise only such judgment, discretion, and care as is usual among children of the same age under similar circumstances, and are bound to use due care, having regard to their age and experience, to protect them from dangers incident to the situation in which they are placed; and as a reasonable precaution, in the exercise of such care in that behalf, it is the duty of the employer to so instruct such employSs concerning the dangers connected with their employment which, from their youth and inexperience, they may not or are presumed not to appreciate or comprehend, that they may, by the exercise of such care as ought reasonably to be expected of them, guard against and avoid injuries therefrom. Yet the mere fact that the servant is a minor does not of itself affect the liability of the principal or master as to obvious defects and dangers, unless the minor was a child of unsuitable age to be exposed to unsuitable risks in a hazardous business. If a minor engages to work, the risks of the business are incident to the work, so far as he is competent to comprehend and appreciate them. And it can make no difference in the application of the rule whether such employment was with or without the consent of the parent.’ Master’s Liability for Injury to Servants, Bailey, pp. 114, 115. See, also, Kinkead, Torts, vol. 1, p. 325; Labatt, Master & Servant, vol. 1, § 348, p. 890; A. & E. Enc. of Law (2d Ed.) pp. 406, 407, 409.”
In the case of Dalberni v. New Orleans Can Co., 139 La. 49, 71 South. 214, contributory negligence on the part of the minor defeated, the parents’ claim for damages.
In the case of Alexander v. Standard Oil Co., 140 La. 54, 72 South. 806, it is said:
“AVe need not in this case pass upon the question whether contributory negligence on the part of the boy would have precluded recovery, as we do not find that he was guilty of negligence. AVe will simply say that we consider that question as being still an open one in our jurisprudence.”
In that case, the court found that the boy was not negligent, and that defendant was negligent in violating the law by employing the boy, who was under 14 years of age, without the factory inspector’s certificate, and there was judgment for plaintiff, as tutrix of her minor son.
In the case of Lemee v. Texas & Pacific Ry. Co., 141 La. 769, 75 South. 676, which involved the application of the safety appliance act, it was held that the deceased night switchman was not shown to be negligent, and that defendant was negligent by failing to provide safety appliances called for in the act. There was judgment against defendant, *1073 as the death of the switchman was found to be due to the fact that defendant furnished Lemee an unsafe place to work in, and because of the absence of the appliances provided for in the act, which were designed to be used by him in the course of his employment.
In that case, reference was made to the decision in San Antonio, etc., Ry. Co. v. Wagner, 241 U. S. 476, 36 Sup. Ct. 626, 60 L. Ed. 1110, wherein it was held that it was clearly the -legislative intent to treat a violation of. the- safety appliance act as negligence perse, and that in such case Contributory negligence is excluded from consideration.
Section 1 of Act 301 of 1908, p. 453, malíes it unlawful to employ a child under 14 years of age in any factory, etc., and a' penalty is imposed for violating the act. The reason for the prohibition is presumed to be that children under 14 are incapable of taking care of themselves, and it might be illogical to hold them responsible for their negligence in the event of an accident. But we are now called upon to consider the alleged negligence of a boy over 15 years of age.
The act does not forbid the employing of children over 14 years, but that, when such children are employed, the employer must require a certificate as to the age of the child, if he is under 16. And, in such circumstance, the failure to require such age certificate is punishable by fine and imprisonment. The object of the provision appears to be to guard against the employment of a child under 14. It may be presumed that the Legislature felt that children over 14 were capable of taking care of themselves in ordinary occupations, and therefore might be found to be negligent in case of accident.
The act does not provide directly or by implication that contributory negligence of a child over 14 years of age cannot be pleaded or shown.
In the absence of such provision, we hold that contributory negligence may be pleaded and proved in such case.
The deceased son of plaintiffs was a boy of ordinary intelligence, 15 years and 5 months of age, who was ambitious to improve himself, and become a pressman or printer. He sought and obtained advancement from the position of messenger, which he had held. He- was engaged by defendant to clean and operate printing presses. But, at the time of the accident, he was cleaning out a box of bolts on the floor. The place was safe, and the occupation was not dangerous in any degree. He left his work and attempted to jump over a rapidly revolving shaft, which was some 13 inches above the floor. He slipped or fell upon the shaft, and he was killed, or he died within an hour thereafter. The accident did not grow out of or occur in the course of his employment. He was reckless and daring, and in this way contributed towards the accident. 1-Ie was disobedient in so acting. He saw and knew that it was dangerous to jump over the revolving shaft. He had done the same thing before the day of the accident, and he had been warned by the foreman not to do so. There was a safe way provided for going from one side of the room to the other. On the day of the accident, he had jumped over the shaft, and the foreman then told him if he did so again he would discharge him. He did it again, or attempted to do it, and he was killed. He well knew the danger he was running in jumping over the shaft, and he violated the foreman’s express orders in so doing. He contributed towards the accident, and his parents cannot recover damages.
The judgment appealed from is affirmed.
O’NIELL, J., dissents.