107 So.2d 645

Alex Baxter McMORRIS

v.

HOME INDEMNITY INSURANCE COMPANY.

No. 43547.

Dec. 15, 1958.

Rehearing Denied Jan. 12, 1959.

Percy & Macmurdo, Baton Rouge, for defendant-appellant-applicant.

Laycock & Stewart, Baton Rouge, for plaintiff-respondent.

HAMITER, Justice.

Plaintiff, Alex Baxter McMorris, instituted this suit to recover workmen's compensation for an injury received in an accident while working as a carpenter in the construction of a house for his son, Vernon D. McMorris (hereinafter referred to as the employer). Cited as defendant was the Home Indemnity Insurance Company which issued a policy in favor of the employer for workmen's compensation and general liability insurance. Neither the insurer nor the employer had agreed with plaintiff that the workmen's compensation statute would govern the employment.

The district court dismissed the suit. However, the Court of Appeal of the First Circuit, with one member dissenting, reversed the judgment and awarded compensation as for total and permanent disability. See La.App., 94 So.2d 471. We granted a writ of certiorari or review on the defendant's application.

The material facts of the cause are largely undisputed. At the time of the accident, and for several years prior thereto, the employer held a full time position

with the Farmers Home Administration which required (in connection with the granting of loans by that agency) his approval of plans and cost estimates for the construction of farmers' dwellings, dairy barns and sheds and also his making periodic inspections of such structures. Using the construction knowledge that he had thus acquired, and taking advantage of some nine weeks of accumulated annual leave from his regular position to which he was entitled, the employer undertook to and did build a house—a home for himself and his family in which they were living at the time of the trial of this cause. During this undertaking plaintiff, who had been employed (along with others) to assist the employer, received the injury for which compensation is here sought. The building of the house by the employer was entirely a personal venture; it was in no way connected with his regular work for and with the above mentioned governmental agency. Moreover, he had never undertaken any other house building project.

It is the contention of plaintiff that when the employer was acting as carpenter, architect and contractor in the construction of his home, employing seven to nine other carpenters to assist him and devoting his entire time to the construction during a period of nine to ten weeks, he was engaged in a trade, business or occupation within the meaning of the compensation statute,

even though he was then regularly employed by the Farmers Home Administration. We do not agree.

Decisive here, we think, is our holding in the landmark case of Shipp v. Bordelon, 152 La. 795, 94 So. 399. Therein, the plaintiff was injured while employed by the defendant, a physician by profession, in making repairs on a house owned by the latter. Holding that the repair work being done was not incident to or in the course of the employer's trade, business or occupation, and denying workmen's compensation to the plaintiff, this court said:

"The Employers' Liability Law of this state does not purport to make all employers of labor liable for compensation, but plainly and distinctly limits its operation to certain specified trades, businesses, and occupations, which in their very nature are hazardous, as well as others not mentioned, which may, under certain conditions, be found to be hazardous, and to cases where the parties by mutual consent agree to come under its provisions. * * *

* * * * * *

"Hence, we see that it is not enough that the employé shall be performing work of the character falling within the designated trades, businesses, or occupations, but it must be done 'in the course of the employer's trade,'

etc., in certain trades, businesses, etc. *In other words, the work must be of that character, and the employer must be engaged in that line of work as a trade, business, or occupation, in order that the act may apply.* * * *

* * * * * *

■ "We agree with counsel that it is not required, under our law, that the business of the employer must be exclusive, for one may have a dozen trades, businesses, or occupations. *But, to become liable for compensation, he must be actually so engaged, as a trade, etc., and it is not enough that the work done should be hazardous if it be not also incident to or in the course of the trade, business, or occupation of the employer which is within itself hazardous under the statute.* * * *" (Italics ours.)

The Shipp decision was cited with approval in Fields v. General Casualty Company of America, 216 La. 940, 45 So.2d 85. Also, it has been followed in numerous cases decided by the Courts of Appeal, including Gerstmayr v. Kolb, La.App., 158 So. 647; Wilkie v. Langlois, 164 So. 434; Weaver v. Mutual Building and Homestead Association, La.App., 195 So. 384 (writs refused); Franz v. Sun Indemnity Company of New York, La.App., 7 So.2d 636; and Prater v. Sun Indemnity Company of New York, La.App., 38 So.2d 663.

■ Since the employer in the instant case was not constructing the house for sale at a profit (admittedly he had never before built one) it cannot be concluded that he was engaged in construction work as a trade, business or occupation—a prerequisite, as shown above, for the application here of the compensation statute.

It is true that we held in Meyers v. Southwest Region Conference Association of Seventh Day Adventists, 230 La. 310, 88 So.2d 381, a case cited and primarily relied on by plaintiff herein, that the non-profit church corporation involved was a business within the intendment of the compensation statute. But it is to be noted that in so holding we recognized that applicable there was the important economic principle upon which workmen's compensation laws rest, namely, the shifting of the burden of accidental injuries incident to employment from the injured employee on to the public through the employer. See Puchner v. Employers' Liability Assurance Corporation, 198 La. 921, 5 So.2d 288 and Speed v. Page, 222 La. 529, 62 So.2d 824. Certainly the same principle has no application here inasmuch as the one and only house ever constructed by the employer was for his personal use.

Counsel for plaintiff have cited numerous decisions from other jurisdictions. How-

ever, they afford no aid in the determination of this litigation, because the verbiage of the statutes involved therein is different from that contained in the enactment under consideration. Apparently this is recognized by counsel for, in a supplemental brief, they say: "It is difficult to cite cases from other jurisdictions on the point here at issue inasmuch as the statutes of such other states use different approaches and are, of course, couched in different words. * * *"

It is not contended by this plaintiff that the defendant's issuance of a policy of compensation insurance to the employer constituted an admission of liability under the statute. Nor could he successfully so contend, for the settled jurisprudence is to the contrary. See Benjamin v. Standard Accident Insurance Company of Detroit, 152 La. 874, 94 So. 428, Fields v. General Casualty Company of America, supra, and numerous decisions of the Courts of Appeal.

For the reasons assigned the judgment of the Court of Appeal is reversed and set aside and that of the district court, which dismissed plaintiff's suit, is reinstated and made the judgment of this court. Plaintiff shall pay all costs.

TATE, J., recused.