BOLIN, Judge.
Plaintiff brought suit against R. L. Lucius, Many Motor Company and Great American Insurance Company for workmen’s compensation death benefits alleged to be due as the result of the death of A. C. Scott, plaintiffs’ 20 year old son. In the alternative, plaintiffs asked for damages ex delicto. From a judgment rejecting their demands, plaintiffs have perfected this appeal.
The record reveals Mr. R. L. Lucius, president and principal owner of Many Motor Company, located in Many Louisiana, owned a camp on Cross Lake in Caddo Parish, Louisiana. This camp was used for the personal enjoyment of Mr. Lucius and for the entertainment of business friends. The deceased was hired on several occasions to perform odd jobs and yard work around this camp and was paid five dollars for each day he worked.
Mr. Lucius was allowed the use of motor vehicles owned by Many Motor Company, Inc. for his personal use and for traveling from Shreveport to his camp on Cross Lake.
On January 2, 1961, R. L. Lucius and his wife were at his camp in Caddo Parish and on said date, he planned to entertain some personal and business friends at his camp. About 7:30 o’clock a. m. he went to the home of A. C. Scott and engaged him to work during the day cleaning up the camp and doing such odd jobs as Mr. Lucius thought necessary. After A. C. Scott arrived at the camp, Mr. Lucius told him to go into the kitchen. He asked him to have breakfast and then stated, “Let’s eat some breakfast and I am going to show you that little car.” After breakfast they left the camp and drove into the City of Shreveport. A. C. Scott was driving the car owned by Many Motors Company, Inc. from where it had been parked in the City of Shreveport to Mr. Lucius’ camp on Cross Lake, with Mr. Lucius following in another vehicle when the accident in question occurred.
*780 The fatal injuries were inflicted when the automobile being driven by Scott veered to the left off the road and, after traveling some 52 paces, struck a cement culvert, turned over and came to rest upright in a puddle of water. The record reflects complete lack of evidence as to the cause of the accident.
On the merits, plaintiffs’ principal demand is for workmen’s compensation benefits. Plaintiffs contend their son was injured during the course and scope of his employment with Many Motor Company, a business within the coverage of the workmen’s compensation statute. However, the evidence shows the deceased was only occasionally employed by Mr. Lucius as a yard boy. That the ownership and operation of the camp was a personal matter to Lucius is evidenced by the testimony of ■-Mrs.'Lucius to the effect Scott was paid out of the pocket of Mr. Lucius or herself and never from any funds of Many Motor Company. R. L. Lucius, Jr., manager of the motor company, testified no expenses of the camp had been incurred or paid by the motor company. Therefore, it has been shown this camp was not a part of the business of Many Motor Company or Mr. Lucius and under our jurisprudence, particularly McMorris v. Home Indemnity Insurance Co., 236 La. 292, 107 So.2d 645 (1958), the workmen’s compensation statute is inapplicable.
In support of their claim for damages ex delicto, plaintiffs contend the doctrine of res ipsa loquitur applies so as to place the burden of proof upon defendants to show their lack of negligence. In the alternative, plaintiffs also alleged certain specific acts of negligence against Mr. Lucius.
In considering the argument for invoking the doctrine of res ipsa loquitur, we note the following language of Chief Justice Four-net in Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389 (1957):
“All that is meant by res ipsa loquitur is ‘that the circumstances involved in or connected with an accident are of such an unusual character as to justify, in the absence of other evidence bearing on the subject, the inference that the accident was due to the negligence of the one having control of the thing which caused the injury. This inference is not drawn merely because the thing speaks for itself, but because all of the circumstances surrounding the accident are of such a character that, unless an explanation can be given, the only fair and reasonable conclusion is that the accident was due to some omission of the defendant’s duty.’ Annotation, 53 A.L.R. Res Ipsa Loquitur—Nature, 1494, at page 1499; * *
In Prosser on Torts, Second Edition, 42, page 199, is found the following summary of the doctrine under discussion:
“42. Negligence may be proved by circumstantial evidence. One type of circumstantial evidence, to which the courts have given the name res ipsa loquitur, arises where
“a. The accident is of a kind which ordinarily does not occur in the absence of someone’s negligence, and
“b. The apparent cause of the accident is that the defendant would be responsible for any negligence connected with it, and
“c. The possibility of contributing conduct which would make the plaintiff responsible is eliminated.
“Some authority suggests the additional requirement that evidence as to the explanation of the accident must be more readily accessible to the defendant than to the plaintiff. The better view would seem to be that this is not essential, so long as the circumstances give rise to a reasonable inference of negligence.”
 Therefore, the question of whether the doctrine is applicable is a mixed question of law and fact. The trial judge found *781 the doctrine did not apply under the facts of this case. He so found because the circumstances were not such as to lead one to believe that in common experience such accident would not have occurred except .for the negligence on the part of the defendant Lucius. In other words, plaintiff alleged hut did not prove, to the satisfaction of the court below, by a preponderance of the evi-> dence the probable cause of the accident was due to a mechanical defect which the defendant had a duty to correct. Instead, the record reflects the accident occurred while the deceased was driving the car and while it was not under the control of defendant. Moreover, the record is void of any evidence as to the cause of the accident and in the common experience of men, such accident could have been caused by any number of circumstances unrelated to any duty owed by Mr. Lucius to the deceased.
In our opinion the record justified the lower court’s refusal to apply the doctrine of res ipsa loquitur to the facts of this case.
Plaintiffs further contend defendant was negligent in allowing A. C. Scott, a minor without a driver’s license, to operate the vehicle on the day of the accident and further contend the vehicle was mechanically defective; such condition being within the knowledge of defendant Lucius and his employees and such condition being the cause of the accident.
In an effort to establish negligence by allowing the deceased to drive, plaintiffs introduced testimony to the effect it was well known Scott could not operate an automobile. However, Mrs. Lucius testified A. C. had operated a vehicle around the camp often while he was working there and had done so successfully. We conclude, therefore, the evidence is inconclusive as to any negligence on the part of Mr. Lucius in this respect.
The allegation of mechanical defectiveness is likewise unsupported by the evidence. The record does not reveal any mechanical defect that could have caused the accident. Further, defendants introduced the testimony of several witnesses to show the vehicle was in good operating condition. This testimony included that of Dr. Floyd Peninger, a nephew of Mr. Lucius, who testified he had driven the car on occasion and found it to he in good working condition. Also, Mr. R. M. Patton, a mechanic employed by Many Motor Company, testified he had worked on the car in July, 1960; had driven it and found it to be in excellent condition. This witness also stated he dismantled the vehicle after the accident and found no defects in the various components other than some bent parts caused by the accident.
For the reasons stated, we are in accord with the findings of the lower court and the judgment appealed from is affirmed.
Affirmed.