CULPEPPER, Judge.
Plaintiff, Edward Filmore Darnell, lessee and operator of a service station, seeks damages due to leakage of gasoline from an underground storage tank. The defendants are Leary Taylor, lessor under an oral lease with plaintiff; and, alternatively, Pan-Am Southern Corporation, the alleged owner of the premises.
Motions for Summary Judgment filed by each defend at were granted, dismissing plaintiff’s sun. Plaintiff appealed.
We have concluded the defendants are not entitled to Summary Judgment because there are genuine issues as to material facts, which must be tried on the merits.
LSA-C.C.P. Article 966 provides for summary judgment only “if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
In the recent case of Roy & Roy v. Riddle, 187 So.2d 492 (La.App. 3rd Cir. 1966) we construe the above quoted article as follows:
“The courts have noted repeatedly that' the summary judgment remedy is not a *318 substitute for a trial and may not be resorted to when there is a genuine issue of material fact which must be resolved. In passing upon a motion for summary judgment, the function of the court is not to determine the merits of the issues raised, but rather only to determine whether or not there is a genuine issue of material fact. To obtain a summary judgment it is not sufficient to prove that it is unlikely that the plaintiff may recover, nor that the showing then made preponderantly indicates there is no liability. The burden of showing that there is not a material factual issue is upon the mover for summary judgment. All doubts are to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts.” (Citations omitted)
For purposes of the Motion for Summary Judgment, the facts in this case, as shown by the pleadings, answers to interrogatories, exhibits, affidavits and a deposition by the plaintiff, Mr. Darnell, are as follows: Pan-Am Southern Corporation leased this service station to the defendant, Taylor, in 1956. (It has since sold the property to American Oil Company, but this fact is immaterial to the present discussion.) On July 1, 1960, Taylor entered into an oral lease of the premises to the plaintiff, Darnell. It was a month-to-month lease for a cash rental of $200 per month. This is the lease in question.
During the spring of 1966, while preparing his 1965 Income Tax Return, plaintiff discovered his receipts from the business were far below what they had been in previous years. On searching for the cause of the loss, he discovered that one of the three underground storage tanks was leaking gasoline. A check of the records showed that during the 10-month period between June 1, 1965 and March 31, 1966, a total of 19,899 gallons of gasoline, valued at $5,153.84, had leaked from the tank.
Plaintiff relies on LSA-C.C. Article 2695 which sets forth the lessor’s liability for damages from vices and defects as follows:
“The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.”
Defendant’s Motions for Summary Judgment argue that the loss of gasoline was “the fault of the lessee” within the meaning of LSA-C.C. Article 2695 quoted above. The Motions allege that plaintiff kept daily records from which he could have discovered the leak the day after it started; and that plaintiff’s failure to do so estops him from recovering damage. However, in the deposition by plaintiff, he states there was no method whereby he could determine that gasoline was leaking from a particular tank. We think it is clear that this creates a genuine issue as to a material fact.
Furthermore, the law could not require that plaintiff discover this leakage the very instant it occurred. Hence, there is almost certainly some period of time before plaintiff could be found at fault. A trial on the merits is necessary to determine when, if ever, fault arose on the part of the plaintiff, and the amount of damages which were suffered during any period when he was without fault.
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal shall be borne by the *319 defendants appellees, costs in the lower court to be determined on final judgment.
Reversed and remanded.
PER CURIAM DENIAL OF APPLICATION FOR REHEARING BY AMERICAN OIL COMPANY
En Banc.
PER CURIAM.
In an application for rehearing the defendant, American Oil Company, points out that we did not expressly answer its second contention.
The written lease from the oil company to Leary Taylor in 1956 contains a provision that the lessee “will keep said premises, buildings, equipment, machinery and appliances * * * in good order and repair;”. An equipment loan agreement executed simultaneously with the lease also provides that the lessee agrees to keep the storage tanks, pumps, etc. in good repair and releases and holds harmless “the company from any and all liability for damages which may be suffered by him or others by reason of leakage, fire, explosion or other casualty occurring through any imperfection in said equipment or the appliances connected therewith or from any other cause whatsoever.”
American Oil argues that such assumptions of responsibility by the lessee are authorized by LSA-R.S. 9:3221; and that this statute has been construed as applying to property damage, Meyers v. Drewes, La. App., 196 So.2d 607. It is the company’s position that the hold harmless agreement fully protects it from any claims by the plaintiff, Darnell; and that Darnell’s only relief is against Taylor.
It is our conclusion that as to the alternative demand against the defendant, American Oil, there are also issues of fact which must be tried on the merits. In Machen v. Gulf Oil Corporation, La.App., 184 So.2d 550 (2d Cir. 1965, writ of certio-rari refused) a similar question was presented. There, a written lease of service station equipment in 1958 contained a hold harmless agreement. The tanks did not start leaking until 1959. The court held that the hold harmless agreement applied only to imperfections arising after the commencement of the lease and not to inherent structural vices. Although the tank did not actually stárt leaking until after the commencement of the lease, the court obviously concluded that the leak was the result of a structural vice in the tank which existed before the lease. The question of whether or not the structural vice existed at the time of the lease in 1958 was, of course, a factual issue.
Similarly, in the present case there is a factual issue as to what caused the tank to start leaking in 1965. Was it the result of a structural vice which existed at the time of the lease from the oil company to Taylor in 1956? We think this factual issue must be decided before the court can address itself to the other factual and legal issues. Accordingly, the summary judgment in favor of American Oil Company was improper.
For the reasons assigned, the application of American Oil Company for a rehearing is denied.