HOOD, Judge.
This is a workmen’s compensation suit instituted by Harry Fontenot against The Travelers Insurance Company, the latter being the insurer of Edward Fusilier. Judgment was rendered by the trial court in favor of plaintiff, and defendant has appealed.
The sole issue presented is whether plaintiff was performing services in the course of his employer’s trade, business or occupation at the time he sustained the disabling injury.
The accident occurred on February 24, 1969. Fontenot at that time was engaged in painting the roof of a residence building owned by Edward Fusilier. While on the roof, he slipped and fell approximately 12 feet to the ground, landing principally on his right knee. He sustained an injury to his knee as a result of that accident which *890 has rendered him totally and permanently disabled within the meaning of the Workmen’s Compensation Act.
Fusilier was a farmer. He owned a 134-acre farm in Evangeline Parish, on which he raised cattle, rice, soybeans and hay. He and his family lived in a residence building located on that farm, and it was the roof of that building which plaintiff was painting when he slipped and fell. Fusilier also owned a rice dryer and a rice irrigation well which he used in conducting his farming operations. These two facilities were located side by side on the farm, about 400 yards from the residence building. A barn is also located on the farm about 20 yards from Fusilier’s home.
Fontenot was a painter, that being his exclusive occupation at the time he was injured. A day or two before the accident occurred Fusilier employed Fontenot to paint the roof of the above mentioned residence building. The entire job was to be performed in one day, and plaintiff was to receive a wage of $2.50 per hour for his work. He began painting the roof on the morning of February 24, 1969, and the accident occurred about 3 :00 P.M. that day. Plaintiff was able to continue working however, and he completed the job that afternoon. Fontenot did not work for Fusilier in any capacity except as a painter, and he was employed by the latter solely to paint the roof of the residence building on February 24, 1969.
Defendant is estopped by the provisions of LSA-R.S. 23:1166 from denying liability on the grounds that the employment was not hazardous, and no issue of that kind is raised here. The defendant contends, however, that the accident is not compensable under the Workmen’s Compensation Act, because Fontenot’s employment was not a regular part of Fusilier’s “trade, business, or occupation,” as required by LSA-R.S. 23:1035.
Plaintiff contends that the residence building which he was painting was a part of Fusilier’s “business premises,” that plaintiff was engaged in repairing this “capital structure” of the business when the accident occurred, and that there was “a meaningful economic relationship” between the work which he was performing and his employer’s trade, business or occupation. For those reasons, plaintiff argues that the accident is compensable under the compensation act.
The law is settled that where the operator of a hazardous business, in the conduct of that business, undertakes to repair the building which houses it or its equipment, rather than have it done under contract, his employees come under the protection of the Workmen’s Compensation Act. Malone, Louisiana Workmen’s Compensation Law and Practice, Sec. 102; Speed v. Page, 222 La. 529, 62 So.2d 824, (1952); Landry v. Fuselier, 230 La. 271, 88 So.2d 218 (1956); McMorris v. Home Indemnity Insurance Company, 236 La. 292, 107 So.2d 645 (1959); Shipp v. Bordelon, 152 La. 795, 94 So. 399 (1922); Richard v. United States Fidelity & Guaranty Company, 247 La. 943, 175 So.2d 277 (1965).
Under that rule plaintiff is entitled to workmen’s compensation benefits if the residence building which he was repairing actually housed Fusilier’s farming business or its equipment, or if the work which he was performing was connected with, incidental to or in the promotion of the employer’s trade, business or occupation.
Plaintiff contends that Fusilier’s residence was a “capital structure” of the latter’s farming business, and that the accident thus is compensable under the compensation law. The evidence shows that for a period of time during each crop season Fusilier operated his rice dryer and the pump on his irrigation well. The dryer and the pump were located close enough to his home that at times, while these facilities were being operated, he could hear them running from his residence, and he thus could determine while at home whether they were operating properly. He stated that from his home he also could see *891 the lights of the dryer at night, while the dryer was in operation. Fusilier had one telephone in his home. He testified that he had it installed for his farm business, but he conceded that he and his family also used the telephone for personal and non-business purposes. Finally, during certain times of the year, Fusilier’s cattle were fed in his barn, and the fact that the house is close to the barn makes it easy for him to check on his stock. He did not keep or store any farming equipment, or any seed or feed, in his home.
The trial judge obviously concluded that Fusilier’s residence building was a “capital structure” of his farming business, and that plaintiff, in painting the roof of that building, was performing services in his employer’s trade, business or occupation at the time the accident occurred. We ultimately conclude that the trial judge erred in arriving at that conclusion.
Plaintiff relies heavily on the case of Speed v. Page, supra, where the claimant was injured while assisting in demolishing and reconstructing his employer’s theatre which had been destroyed by fire. Our Supreme Court held that the maintenance of the theatre building and equipment, including its repair, was an operating or production cost of the defendant’s business, that the plaintiff was performing service in connection with his employer’s occupation, and that the accident was compensa-ble. The court said:
“ * * it js our conception of the statute that it is intended to protect the right of an employee when he is engaged in an employment with reference to, in connection with, incident to or in promotion of the employer’s trade, business or occupation.’ ” (Emphasis added.)
Claimants have been held to be covered by the Workmen’s Compensation Act where they.were injured while repairing rent houses or apartment complexes owned by their employers, the latter being then engaged in the business of renting or leasing such units. Richard v. United States Fidelity & Guaranty Company, supra; Lyons v. Pirello, 194 So.2d 147 (La.App. 1 Cir. 1966); and Doss v. American Ventures, Inc., 224 So.2d 470 (La.App. 4 Cir. 1969). The accident was held to be com-pensable where a worker sustained an injury while assisting in constructing an addition to a warehouse. Beard v. Wilson Wholesale Distributors, Inc., 215 So.2d 664 (La.App. 1 Cir. 1968). See also Brown v. Hartford Accident & Indemnity Co., 240 La. 1051, 126 So.2d 768 (1960); Landry v. Fuselier, 230 La. 271, 88 So.2d 218 (1956); and Effler v. Edwards, 142 So.2d 599 (La.App. 1 Cir. 1962).
In each of the above cited cases, the building which was being repaired, enlarged or demolished clearly housed the business and the business equipment of the employer. In the instant suit the evidence shows that the residence building which was being painted by plaintiff did not house the business or any of the business equipment of Fusilier. The only connection which the residence building had with the farming business was that the owner sometimes used the telephone in that building in connection with his farming operations, and that the house was located close enough to some of the farm facilities that Fuselier could monitor the operation of those facilities to some extent while he was at home. We do not feel that these facts are sufficient to render the home an integral part of the farming business, or to make the residence building a “capital structure” of the business. In our opinion, therefore, the painting of the roof of Fuse-lier’s home should not be considered as a business expense or as a regular part of his occupation.
Applicable here, we think, is the case of Prater v. Sun Indemnity Co. of New York, 38 So.2d 663 (La.App.Orleans, 1949), where the plaintiff was injured while repairing a residence building owned by his *892 employer. The employer in that case was a doctor, who was engaged in the practice of medicine, and the court held that plaintiff was not performing services arising out of or incidental to the doctor’s trade, business or occupation. In Story v. Globe Indemnity Company, 61 So.2d 582 (La.App. 1 Cir. 1952), compensation benefits were denied a worker who was repairing a camp owned by his employer. The employer was engaged in the plumbing and hardware business, and he testified that the camp had been erected with business funds to entertain business associates and customers. The court held that the relationship between the camp and the business was not sufficient to entitle the plaintiff to coverage under the compensation act. Other applicable cases, we think, are Edwards v. Stafford, 153 So.2d 106 (La.App. 1 Cir. 1963); McMorris v. Home Indemnity Insurance Company, supra; and Ponthieux v. Lindsay, 254 La. 647, 226 So.2d 482 (1969).
Our conclusion is that plaintiff has failed to show that he was engaged in Fusilier’s “trade, business, or occupation” at the time the accident occurred, and that he then is not entitled to recover compensation benefits from the defendant.
For the reasons herein set out, the judgment appealed from is reversed, and judgment is hereby rendered in favor of defendant and against plaintiff dismissing this suit at plaintiff’s costs. The costs of this appeal are assessed to plaintiff-appel-lee.
Reversed.
An Application for Rehearing.
En Banc. Rehearing denied.
TATE, J., not participating.