MILLER, Judge.
Plaintiff Herman Jason appeals the summary judgment dismissing his workmen’s compensation claim. The trial court held that Jason’s employment was not incidental to defendant’s trade, business or occupation. We reverse.
The summary judgment remedy is not a substitute for a trial and may not be resorted to when there is a genuine issue of material fact which must be resolved. In passing upon such motions, the court’s function is not to determine the merits of issues raised, but rather, only to determine whether or not there is a genuine issue of material fact. To obtain a summary judgment, it is insufficient to prove that it is unlikely that plaintiff may recover, nor that the showing then made preponderantly indicates there is no liability. The burden of showing that there is not a material factual issue is upon the mover for summary judgment. All doubts are to be resolved against the granting of a summary judgment and in favor of a trial on the merits. Darnell v. Taylor, 209 So.2d 316 (La.App. 3 Cir. 1968).
The motion for summary judgment was submitted on plaintiff’s and defendant’s depositions.
Defendant owns 86 acres of land in Evangeline Parish, some of which is rice land and some cotton land. He rented the rice land and farmed the cotton himself. Defendant moved to Eunice, Louisiana in 1961 when he bought a grocery store and meat market and several other properties. He operated the grocery store from 1961 until this accident happened. Tr. 23. Shortly after 1961, defendant built his home next to the store and still lives there. He sold a rent house which was on part of his properties and required the purchaser to remove it. A slaughter house was located on one of the lots. This was remodeled and converted to a washateria which defendant has operated without help from that day to this. Defendant now owns 10 or 12 lots, one of which has a rent house which is being rented. Tr. 22, 27, 30. The lot which plaintiff was clearing on February 20, 1970, the date of the accident, had a house and garage on it which defendant rented from 1961 until some six months before this accident when it either burned or was torn down. Tr. 31, 32, 36. After the lot was cleared, defendant’s son put a house trailer on the lot for his own use. Tr. 37. Defendant’s son does not pay rent, but he does help his father when he is not working offshore. Tr. 25.
Defendant does not plan to build a house on the property “unless I’d sell my place —Tr. 37.
When plaintiff was employed to tear down a garage (Tr. 48) and clean up the lot, plaintiff understood that he was to have a regular job. Tr. 45. Defendant did not know how long he planned to employ plaintiff. Tr. 25, line 16. After the lot was cleared plaintiff understood that there was a fence to build out in the country. Additionally, there was a shute to be repaired. Tr. 49.
Plaintiff drove a truck in connection with his work to clean up the lot. Tr. 48.
Defendant appellee argues that “this is simply a case where an individual was clearing a homesite and the man he had employed to help clear the homesite was injured.” Taking the testimony in the light most favorable to plaintiff, defendant has failed to establish that this case fits that mold. It appears that defendant was clearing a house and garage which had been rented for some seven years so that defendant could furnish his son a place for his house trailer. Although his son paid no rent, it can be argued that defendant received rent when his son worked for him. The property was therefore rent property.
*298 Eligibility for workmen’s compensation benefits does not exist unless the employee is injured in the performance of work of a hazardous nature and which forms a part of the employer’s regular trade, occupation or business. LSA-R.S. 23:1035; Ponthieux v. Lindsay, 254 La. 647, 226 So.2d 482 (1969).
The criterion which has evolved for determining whether liability for compensation benefits exists in a case wherein an employer undertakes to construct, repair or renovate buildings belonging to himself or others is simply whether or not the given employer is engaged in such undertaking as a business, trade or occupation. The business in which the employer is engaged need not be exclusive inasmuch as an employer may, and many employers do, have multiple businesses, trades or occupations. McMorris v. Home Indemnity Insurance Company, 236 La. 292, 107 So.2d 645 (1958).
Ordinarily, the crucial question is whether the employer was engaged in the business, trade or occupation of construction, repairing, renovating buildings or clearing lands. The answer to the question depends upon the facts involved. Lyons v. Pirello, 194 So.2d 147 (La.App. 1 Cir. 1967). We have the additional question here of whether or not plaintiff was employed as a handyman to work in defendant’s renting of properties, operating a washateria and his farming operations.
Plaintiff understood that he was employed for many different kinds of work and that he would next work on defendant’s farm. Although farming and renting of properties are non-hazardous, plaintiff’s employment at the time of the injury was hazardous for he drove a truck in connection with his employment. Fontenot v. J. Weingarten, Inc., 259 La. 217, 249 So.2d 886 (1971).
If defendant was engaged in the business of removing, repairing, clearing or preparing rent properties, or if defendant had employed plaintiff as handyman to all defendant’s businesses, then workmen’s compensation coverage applies.
There is a dispute as to material facts in this case. The trial court judgment granting summary judgment is reversed. Costs of this appeal are assessed to defendant.
Reversed and rendered.