303 So.2d 902 (1974)
Alphonse JONES, Individually and for and on behalf of and for the Use and Benefit of his minor son, Michael Jones
v.
INSURANCE COMPANY OF NORTH AMERICA et al.
No. 9930.
Court of Appeal of Louisiana, First Circuit.
October 14, 1974.
Rehearing Denied December 16, 1974.
Writ Refused February 7, 1975.
*904 Walton J. Barnes, Baton Rouge, for appellants.
Robert L. Kleinpeter, Baton Rouge, for appellees.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
LANDRY, Judge.
This appeal by Michael Jones (Appellant) is from a judgment dismissing this tort action instituted by Appellant's father, Alphonse Jones, on Appellant's behalf during Appellant's minority. The suit was filed October 19, 1967, seeking damages for personal injuries sustained by Appellant in an accident which occurred October 29, 1966. The petition alleges that Appellant was injured while guiding a tractor being towed by a pickup truck belonging to Port Allen Mortuary, Inc. (Mortuary), which vehicle was being driven by Hall Davis (Davis), and was insured by Insurance Company of North America (INA). The named defendants are Davis, Mortuary and INA. Upon reaching the age of majority, Appellant was properly substituted as plaintiff herein. The trial court rejected Appellant's demands upon finding that Davis was free of negligence, and also upon finding that Appellant was barred from recovery because of contributory negligence and assumption of risk. We affirm on the ground that Davis was free of negligence. We affirm dismissal of the *905 claim against Mortuary upon finding that neither Davis nor Appellant were acting as the corporation's agent at the time of the accident. We also affirm dismissal of the action against INA on the ground that INA's policy did not afford coverage of the pickup truck under the circumstances attending the accident.
On the date of the accident, INA had in force and effect two policies covering Hall Davis d/b/a Port Allen Mortuary. One policy protected the insured against claims for workmen's compensation benefits; the other policy covered insured against claims arising from the operation, use or maintenance of certain automobiles, including the pickup truck in question. The coverage was written as above indicated notwithstanding Mortuary is a duly chartered Louisiana corporation as evidenced by a certificate of incorporation issued by the Secretary of State, State of Louisiana, indicating that such corporate existence commenced December 20, 1954. It is undisputed that Davis is the principal stockholder of Mortuary and the alter ego of that corporation.
At the time of the accident, Appellant was approximately fourteen and one-half years of age. Davis was lessee of an approximately 30 acre farm situated several miles from Port Allen, Louisiana, where Mortuary's principal place of business is situated. The record fails to disclose any connection whatsoever between Mortuary and the farm operated by Davis. On the contrary, the record shows that Davis' farm operation was entirely personal and disassociated from his operation of Mortuary. Although an attempt was made to establish Mortuary's ownership of the pickup truck allegedly involved in the accident, the record clearly preponderates in favor of the conclusion that the truck was owned by Davis individually. Davis testified the truck was his personal property. A subpoena issued by Appellant calling on Davis to produce the title papers to the truck went unanswered. Under cross-examination, Davis testified that he did not produce the title papers because he was unable to locate the documents. The only evidence of record concerning title to the truck is Davis' statement that the truck belonged to him individually.
Davis individually owned a small tractor which he kept on the farm. Davis used the tractor primarily in performing ordinary farm chores, including the cutting of grass for which latter purpose the tractor was equipped with an attached bush hog. On isolated occasions Davis used the tractor, with a bulldozer type blade attached, to fill graves following burials handled by Mortuary in cemeteries which provided no grave filling services.
Appellant lived with his family across the public highway on which Davis' farm fronted. For some time before the accident, Davis hired Appellant to assist in performing chores on Davis' farm. The employment was not on a regular schedule; Davis employed Appellant as the need arose. Appellant did not work regular hours and was not paid on an hourly or other regular basis. When Davis needed help, he called upon Appellant and paid Appellant such sums as Davis deemed reasonable. Payment was made out of Davis' pocket. Although Appellant was not carried on Mortuary's payroll and was never paid by Mortuary, Appellant occasionally did such chores for Mortuary as washing automobiles. Davis kept no record of the amounts he paid Appellant; no deductions were made from such payments for withholding taxes or otherwise. In addition, Davis bought clothes for Appellant and made contributions to Appellant's family from time to time.
On the day of the accident, Davis went to his farm in the insured truck to get his tractor, a somewhat antiquated machine. Davis intended to use the tractor to grade a lot on which Davis' friend, Parnell, planned to build a house. So far as the record shows, Davis planned to grade the lot as a favor to Parnell, without charge. Parnell's property was situated about four miles from Davis' farm. Davis engaged *906 Appellant to drive the tractor to Parnell's place while Davis proceeded ahead in the pickup truck. When the tractor engine would not start, Davis decided to tow the tractor to start its engine, and he did so by means of a ten to fifteen foot chain with which he attached the tractor to the truck. With Appellant guiding the tractor, Davis towed the tractor onto the highway, a two-laned blacktopped rural road. Eventually the tractor started. In the towing process, the tow chain became detached from the tractor. When the tractor engine started, Davis stopped the truck, put the loose end of the tow chain in the back of the truck and went up to the tractor. Davis adjusted the throttle and gears of the tractor to operate at slow speed and instructed Appellant to follow Davis to Parnell's place. After traveling a distance of about four blocks, Davis looked back and did not see the tractor en route. Davis stopped, looked again and saw the tractor overturned in a ditch alongside the highway. Davis backed up to the scene of the accident; he found the tractor overturned on Appellant. After removing Appellant from under the tractor, Davis put Appellant in the pickup truck and brought Appellant to a doctor. Appellant was found to have suffered severe and extensive head and other injuries.
On June 23, 1967, Alphonse Jones, on behalf of Appellant, Hall Davis d/b/a Port Allen Mortuary and Insurance Company of North America, filed a joint petition to compromise and settle a workmen's compensation claim on behalf of Appellant against Davis d/b/a Port Allen Mortuary and Insurance Company of North America. The petition recites that Appellant was employed by Davis d/b/a Port Allen Mortuary on October 29, 1966, and was injured while operating a tractor within the scope and course of said employment. The petition further recites that the accident occurred as the result of the tractor being forced off the road into a ditch by a passing vehicle. An agreed compromise of $4,500.00 was approved by the court and duly paid.
In this present tort action against Davis, Mortuary and INA, plaintiff merely alleges he was injured in an accident involving a pickup truck, being driven by Davis, which vehicle was towing a tractor being guided by Appellant. The petition alleges the truck was owned by Port Allen Mortuary, Inc. and insured by INA. No mention is made of ownership of the tractor or the fact that Appellant was Davis' employee at the time of the accident. Davis' alleged liability is predicated on numerous asserted acts of negligence which may be summarized as follows: (1) Towing the tractor at an excessive or dangerous rate of speed such as to cause Appellant to lose control of the tractor; (2) Permitting a fourteen year old to operate a tractor on a public highway; (3) Employing a fourteen year old to work with power driven machinery in violation of LSA-R.S. 23:163, and (4) Allowing a fourteen year old to operate a motor vehicle without a valid driver's license in contravention of LSA-R.S. 32:417. Appellant does not allege that Davis was acting on Mortuary's behalf at the time of the accident, neither does the petition allege negligence on Mortuary's part in any respect whatsoever. INA's liability is urged on the ground that INA insured the pickup reputedly belonging to Mortuary, and that such coverage extended to subject accident.
During the trial Appellant devoted considerable effort toward establishing that the accident occurred while Davis was actually towing the tractor. However, in oral argument, Appellant conceded the accident happened after the towing operation had ceased. As indicated by our above summarization of the pertinent testimony, we find as a fact that when the accident happened, Davis was not towing the tractor, but that Appellant was operating the tractor under its own power. The significance of this determination will hereinafter appear in our disposition of Appellant's claim against INA.
Mortuary and INA excepted to Appellant's petition herein relying on the compromise *907 settlement reached in the aforementioned joint petition to settle Appellant's claim for workmen's compensation benefits. On this same ground, Mortuary and INA filed a motion for summary judgment dismissing Appellant's present tort action. Davis, Mortuary and INA answered plaintiff's present petition denying any negligence on Davis' part. Defendants alleged that Appellant was injured while in the course and scope of his employment by Davis d/b/a Port Allen Mortuary or Port Allen Mortuary, Inc., and, as such, was paid workmen's compensation which discharged defendants' liability to Appellant. Defendants further plead that plaintiff was barred from recovery in tort because of plaintiff's own contributory negligence and assumption of risk. Lastly, INA plead that its policy on the pickup truck did not afford coverage to subject accident.
Under our law, an employee's right to recover from his employer for injuries sustained in the course and within the scope of the employer's business is limited exclusively to workmen compensation benefits. LSA-R.S. 23:1031 et seq.; Thibodaux v. Sun Oil Co., 218 La. 453, 49 So. 2d 852. The correlative of the foregoing rule is that an employer is not liable to an injured employee for damages in tort where the injury occurs within the scope and during the course of the employer's business. With this principle in mind, we shall first determine who was in fact Appellant's employer.
In making this determination, we initially note that the prior workmen's compensation settlement entered into between the parties cannot serve as res judicata of any issues involved herein. Res judicata applies only when the thing demanded is the same, the demand is founded on the same cause of action, and the dispute is between the same parties in the same capacities. LSA-C.C. art. 2286. It is settled law that the principle of res judicata is stricti juris and may not be invoked unless every essential element thereof is shown. Any doubt regarding applicability of the principle must be resolved against its application. Ryder v. Insurance Company of North America, 282 So.2d 771. The prior action between these parties was for workmen's compensation benefits. This present action is in tort. The thing demanded herein is not the same as the thing previously demanded. Obviously, res judicata is inapplicable to the present action.
Although all defendants specially plead that Appellant was in the employ of Davis d/b/a Port Allen Mortuary, Inc. at the time of the accident, the record proves beyond the slightest doubt that Appellant was in fact employed by Davis individually in the operation of Davis' personally owned farm, and we so hold. It follows that Appellant was not employed by Mortuary.
However, under the circumstances, Davis may not invoke the rule that he is immune from tort liability herein. LSA-R.S. 23:1031 et seq. restricts the employer's liability to payment of compensation benefits exclusively only when the accident occurs during the course and within the scope of the employer's trade, occupation or business. For the compensation act to apply, the employee must be performing work of a character embraced within the scope of the employer's business, and must also be performing such work for the employer. In other words, the work being performed by the employee must be of the nature of work in which the employer is engaged as a business, occupation or profession. McMorris v. Home Indemnity Insurance Company, 236 La. 292, 107 So.2d 645.
Applying the foregoing test, we find that Appellant was not acting within the scope of Appellant's employment in Davis' farming operation. Although Appellant was undoubtedly acting within the course of Appellant's employment in Davis' farming operation, Appellant was not acting within the scope of such employment. At the time in question, Davis was admittedly using the tractor to grade a lot for *908 an acquaintance. Davis was not in the business of grading lots. We hold, therefore, that Davis is not immune from tort liability on the ground that he was Appellant's employer. Our finding that Mortuary was not Appellant's employer similarly disposes of Mortuary's contention that it is immune from tort liability herein.
The record does not sustain Appellant's contention that Davis negligently towed the tractor in such manner as to cause Appellant to lose control of that vehicle. In this regard, we note Appellant's concession that the tractor was not being towed when the accident occurred. Considering this admission, Davis can be held negligent in towing the tractor only if it were shown that before the vehicles became disengaged, Davis towed the tractor in such manner as to cause it to go out of control because of excessive speed attained in the towing process.
Because of serious head injuries sustained in the accident, Appellant had no recollection of the events attending the accident. Davis testified that when the tractor engine started, the tow chain came loose from the tractor but remained attached to the truck. Davis stopped the truck, placed the loose end of the chain in the truck and then set the throttle and gears on the tractor and instructed Appellant to follow. One of Appellant's brothers testified that he saw Davis pulling the tractor along the highway at a very rapid rate of speed. A Mrs. Cancienne, who also lived nearby, testified that while checking her mail box, she saw Davis slowly towing the tractor. Neither Mrs. Cancienne nor Appellant's brother saw the accident. From the record, we have no hesitancy in concluding that after the towing operation started the tractor, the tractor was brought to a complete stop. It resumed its progress under its own power with Appellant in control. Under these circumstances, the manner in which Davis towed the tractor could not possibly have contributed to the accident.
Appellant seeks to hold Davis responsible on the ground that Appellant's employment was in violation of LSA-R.S. 23:163 and LSA-R.S. 32:417, which read in pertinent part as follows:
LSA-R.S. 23:163.
"No minor under the age of sixteen years shall be employed, permitted or suffered to work:
(1) * * *
(2) In, about, or in connection with power-driven machinery."
LSA-R.S. 32:417.
"* * * *
C. It shall be unlawful for any person or entity to employ any person as a driver of a motor vehicle if said person being employed does not have a current, valid license issued by the department in accordance with the provisions of this Chapter."
Relying upon Alexander v. Standard Oil Company of Louisiana, 140 La. 54, 72 So. 806, Appellant contends his employment by Davis was per se actionable negligence.
Alexander, above, involved alleged employer liability for a 14 year old boy employed in defendant's oil refinery. Originally, the Supreme Court affirmed the trial court's judgment dismissing plaintiff's claim because of plaintiff's contributory negligence. In so holding, the Court recognized the divergence of authority on the issue of the legal effect of an employer's violation of a statute of the nature involved herein. The court noted that some jurisdictions hold such a violation to be negligence per se making the employer liable; the Court also observed that some jurisdictions regard such a violation as mere evidence of negligence. On rehearing, however, the Court reversed and rendered judgment for plaintiff after finding that violation of the statute amounted to negligence, and that the boy was free of contributory negligence.
*909 In Flores v. Steeg Printing & Publishing Co., 142 La. 1068, 78 So. 119, plaintiffs sought damages for the death of their 15 year old son who was employed, as a messenger, but who was killed while working in defendant's pressroom. The Supreme Court affirmed the judgment of the trial court which rejected plaintiffs' demands on the ground that decedent was contributorily negligent. Flores, above, considered in detail several authorities dealing with this general subject matter. Flores then set forth minutely certain principles which we find controlling herein, and which we interpret as establishing the following rules:
(1) Persons who employ children to work in or about dangerous machinery, especially where such employment is proscribed by law, must anticipate that children will exercise only such judgment and discretion as will ordinarily be exercised by children of like age under similar circumstances. Such employers are held to the exercise of due care, considering the age and experience of the child or children, to protect the child or children from dangers inherent in the particular employment. The duty of care imposes upon the employer, the burden of instructing and informing the child about and against the dangers incident to the employment, which instruction must be commensurate with the child's age and mental capacity, the nature of the employment, and other relevant circumstances, and shall enable the child to exercise such care as may be reasonably expected of him to guard against and avoid injury therefrom.
(2) The mere fact that a minor is injured in the course of employment of his master does not per se render the employer liable where the injury results from obvious defects or dangers unless the minor was incapable, because of tender age or otherwise, of fully appreciating and understanding the danger inherent in the employment. An employer is liable for injuries sustained by a child if the child is incapable, because of age or mental condition, of fully understanding and appreciating the dangers inherent in the employment; in such instances, the defense of contributory negligence or assumption of risk is not available to the employer.
(3) A minor who is competent to understand and appreciate the dangers incident to his employment, and who is adequately instructed by his employer, with regard thereto, may be barred from recovery against his employer because of the minor's own contributory negligence or assumption of risk.
(4) In the absence of a statutory provision expressly or impliedly depriving an employer of the right to plead contributory negligence or assumption of risk against a minor seeking damages for injuries sustained in the course of the employment, an employer may assert such defenses in accordance with the foregoing rules.
Applying the foregoing principles, we pretermit all consideration of Appellant's negligence because we find Davis was not negligent in permitting Appellant to operate the tractor. Appellant was over fourteen years of age when the accident occurred. Appellant was mentally capable of appreciating and understanding the dangers inherent in operating a tractor. Davis testified that, whereas Appellant had never before operated the tractor upon a public highway, Appellant had successfully driven the tractor on numerous occasions, and Davis had reason to believe that Appellant could handle the machine in safety on this occasion as Appellant had done many times before.
Nor do we find Davis negligent in allowing Appellant to operate the tractor without a valid driver's license in violation of LSA-R.S. 32:417, above. We note initially that said statute is not exclusively applicable to minors, but applies to all persons *910 whomsoever. The purpose of the statute appears two-fold in that it seeks to insure the licensing of capable, qualified drivers of motor vehicles, and also serves to produce revenue in that a fee is charged for the issuance of such licenses. See LSA-R.S. 32:412. The law in question applies equally well to a qualified driver who operates a motor vehicle on a public highway with an expired driver's license. Davis had no reason to believe that Appellant would be incapable of handling the tractor upon a public highway.
No citation of authority is needed in support of the principle that Mortuary, as a duly incorporated business corporation, is not responsible in tort for the actions of its officers, agents or employees, except when such corporate representatives are acting in furtherance or pursuit of the corporation's business affairs. This record is barren of proof that Davis was acting on Mortuary's behalf at the time of the accident. On the contrary, it appears that Davis was then engaged in the purely personal mission of doing a favor for a friend, to accomplish which mission Davis was using his individually owned tractor. It further appears that acting solely as Davis' employee, Appellant was undertaking this purely personal mission assigned to Appellant by Appellant's employer. Under the circumstances, Mortuary is not legally liable in tort for the actions of either Appellant or Davis.
Appellant urges Mortuary's liability on the ground of said defendant's reputed ownership of the truck in question. We have hereinabove shown that the only evidence of record shows the truck belonged to Davis individually. Assuming, arguendo, that Mortuary owned the vehicle in question, mere ownership would not render Mortuary liable for its operation, even operation by one of Mortuary's agents or employees. It is basic law that for a corporation to be liable for the action of its agent in operating a vehicle belonging to the corporation, the agent must have been acting within the scope of his employment. This indispensable element is lacking herein.
As regard INA's alleged liability, it is immaterial who owned the insured pickup truck. INA's policy insured the owner against liability for damages "* * * arising out of the ownership, maintenance or use of such highway vehicle * * *". We have already shown that INA could not be liable herein merely by virtue of Mortuary's ownership of the vehicle. Davis could be liable merely by virtue of ownership only if it were established that he had loaned the vehicle to an imcompetent driver. Such is not the case herein inasmuch as Appellant was not driving the insured vehicle, but rather was operating a non-covered unit belonging to Davis.
Any possible coverage by INA must arise from maintenance or use of the insured vehicle. Obviously no question of maintenance is involved. Considering Appellant's admission that the insured truck was not towing the tractor at the time of the accident, and the record proof which adequately confirms this admission, we unhesitatingly conclude the accident did not arise from use of the insured vehicle. When the accident occurred, the insured vehicle was approximately four blocks distant from the tractor on which Appellant was riding. That the insured truck had been used to start the tractor's engine is a matter of no moment. The use of the truck in connection with the towing operation had completely ceased and the tractor was being operated upon the highway under its own power. Under these circumstances, use of the truck in starting the tractor had absolutely no casual connection with the accident.
The judgment of the trial court is affirmed at Appellant's cost.
Affirmed.