276 So.2d 799 (1973)
Clement STIGLER
v.
Mr. & Mrs. Bryan BELL et al.
No. 5441.
Court of Appeal of Louisiana, Fourth Circuit.
April 17, 1973.
Rehearing Denied May 15, 1973.
*800 Eugene D. Brierre, and William P. Curry, Jr., New Orleans, for plaintiff-appellant.
R. Henry Sarpy, Jr., of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants-appellees.
Louis M. Kiefer, Jr., New Orleans, for defendants-appellees.
Before REGAN, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
This is an appeal arising from the dismissal of plaintiff's suit for damages due to personal injury or, in the alternative, for workmen's compensation benefits. Plaintiff, Clement Stigler, was injured when he was sprayed in the face with paint from a Rust-oleum aerosol paint can. He filed suit in tort alleging that defendants, Mr. & Mrs. Bryan Bell, were negligent in not advising him of the dangers involved in using this type of paint, and alleging that defendant Rust-oleum sold a defective product and failed to give proper directions to cure the defect. Defendant Employers Insurance Company is Rustoleum's insurer. In the same suit plaintiff alleged a workmen's compensation claim against Mr. and Mrs. Bell and their compensation insurer, Phoenix of Hartford.
At the Bell's residence there are three separate structures. There is of course the home itself and to the rear there is an office structure for Mr. Bell's business of managing rental property. The third structure serves as a storage room. The Bells decided to convert this storage room into a playhouse for their children. Mrs. Bell hired three men including plaintiff to aid in the converting work. After the job was completed, plaintiff asked for further work and Mrs. Bell engaged him in painting a storage cabinet in the yard adjacent to the storage room structure. This cabinet had previously been located in the storage room.
Mrs. Bell purchased the spray paint, instructed plaintiff to be careful, and then left. While plaintiff was working the spray became clogged. Plaintiff took the spray head off the can and jammed the point of a safety pin into the top of the can, thereby causing paint to spray into his face and eyes.
Defendants Bell and Phoenix of Hartford were granted a judgment on their motion for summary judgment against plaintiff on March 23, 1972. This summary judgment served to dismiss plaintiff's claim in workmen's compensation. On January 13, 1972 defendant Mrs. Bell filed an affidavit along with the motion *801 for summary judgment. The affidavit stated that none of the work that plaintiff was doing pertained to Mr. Bryan Bell's regular trade, business, or occupation. As no counter affidavit was filed by plaintiff, the allegations of fact in Mrs. Bryan Bell's affidavit are not shown to be in dispute, and we feel that the summary judgment based on the applicable law was properly granted. LSA-C.C.P. Articles 966 and 967. Since the work being performed by plaintiff at the time of the accident was not part of Mr. Bell's regular trade, business, or occupation, the provisions of LSA-R.S. 23:1035 are not applicable and plaintiff is therefore not entitled to workmen's compensation benefits. Work performed on a structure owned by the employer, but having no connection with the employer's business does not come under the course of the employer's trade, occupation, or business, and does not entitle the worker to benefits under workmen's compensation. See Fontenot v. Travelers Insurance Company, 236 So.2d 889 (La.App.3rd Cir., 1970), writs refused 256 La. 871, 239 So.2d 364 (1970); Brown v. Hartford Accident & Indemnity Company, 109 So.2d 811 (La.App.Orleans, 1959).
We now turn our attention to the suit in tort which alleges negligence on the part of Mr. and Mrs. Bell and also on the part of Rust-oleum.
As we have stated, Mrs. Bell instructed plaintiff to be careful as her son had once had an accident with a can of spray paint. The testimony shows that plaintiff indicated to Mrs. Bell that he was able to understand the instructions and properly handle the task at hand. We find no negligence on the part of Mrs. Bell.
The directions on the spray can state as follows:
"Clogged spray headremove and rinse in Naptha or push needle through hole. Run fingernail through slit at end of stem. If Spray doesn't operate after cleaning of spray head, return to dealer in sealed container."
It is obvious from the directions that the hole in which the needle is to be inserted is the hole in the spray head, and not the hole at the top of the can which appears when the spray head is removed. The above quoted directions come under the heading entitled "Care of Spray Head". After directing to "push needle through hole", the next sentence states, "Run fingernail through slit at end of stem." The only stem involved here is the stem of the spray head which does have a slit.
In Weber v. Fidelity & Casualty Insurance Co. of New York, 259 La. 599, 250 So.2d 754 the court stated as follows:
"[1, 2] A manufacturer of a product which involves a risk of injury to the user is liable to any person, whether the purchaser or a third person, who without fault on his part, sustains an injury caused by a defect in the design, composition, or manufacture of the article, if the injury might reasonably have been anticipated. However, the plaintiff claiming injury has the burden of proving that the product was defective, i. e., unreasonably dangerous to normal use, and that the plaintiff's injuries were caused by reason of the defect."
There is no evidence in the record which indicates that the spray can was defective, or that defendant's injury could have reasonably been anticipated. The directions indicate in plain language that it is the spray head which is to be penetrated. The directions instruct that if the spray still does not operate after cleaning the spray head, the product should be returned to the dealer. The directions in no way indicate that a needle should be inserted at the top of the can. We do not find that Rustoleum failed to give proper directions. The only negligence we find is that of appellant in pushing a needle into the hole at the top of the can while it was aimed at his face.
*802 For the above reasons the rulings of the trial court are affirmed in all respects at appellant's cost.
Affirmed.