REDMANN, Judge.
Defendants appeal from a judgment granting workmen’s compensation benefits for total and permanent disability.
Plaintiff testified that he experiences dizziness (and tinnitus) from his ear inju *911 ry and blurred vision from his eye injury, therefore cannot safely climb or work at heights, and therefore is disabled as an ironworker. Defendants argue that plaintiff has not corroborated this testimony by medical evidence.
The ear drums, perforated by the accident, healed leaving only a slight loss of high-frequency hearing. While the medical testimony is not positively supportive of plaintiff’s dizziness complaint, it does describe the complaint as “consistent” with the hearing loss. However, plaintiff’s doctor was unaware of any significant hearing problem remaining; the inner ear had not been evaluated. We assume without deciding that this medical does not sufficiently corroborate the complaint of dizziness.
The eyes had had several tiny metal fragments removed, resulting in “a number” of microscopic corneal scars (with one larger scar at the limbus). One expert, who examined plaintiff once two years after the accident, opined that these scars would cause blurring of vision in sunlight, sufficient to make it dangerous for an ironworker to work on elevated structures. We conclude this medical cor-robation suffices, although the doctor who removed the fragments by lavage and examined plaintiff four times within a three-week period shortly after the accident did not at that time believe scarring would result (except at the limbus). This doctor did not microscopically examine plaintiff’s cornea and we find no real conflict between the medical opinions.
There is evidence that, after the accident, plaintiff did work as an iron-worker, including work from a scaffold on an elevated bridge. This doubtless proves that plaintiff could do some or much of the ironworker’s work but does not defeat plaintiff’s entitlement.
Lawless v. Steel Erectors, Inc., 1969, 254 La. 37, 222 So.2d 849, 852, states the legal test of total and permanent disability as inability to perform a substantial portion of the work incident to one’s special occupation. The ironworker who cannot with safety climb and work at heights meets that test for disability. The disability, like the causative corneal scarring, is permanent.
The judgment is affirmed.