HOOD, Judge.
This is a workmen’s compensation suit instituted by Herman Jason against Plenny Blanchard. The trial court rendered judgment for defendant, and plaintiff appealed. We affirm.
This case was before us previously on appeal from a summary judgment rendered by the trial court in favor of defendant. We reversed and remanded the case for trial. See Jason v. Blanchard, 261 So.2d 296 (La.App. 3 Cir. 1972). After trial, the district court again rendered judgment in favor of defendant. Plaintiff appealed, and the matter is before us now on that appeal.
The sole issue presented is whether plaintiff’s injuries were sustained while he was performing services in the course of his employer’s trade, business or occupation.
Plaintiff was injured on February 20, 1970, while working for defendant. He had been employed by Blanchard about three days prior to that date to demolish an old garage or barn located on a lot of ground owned by defendant, and to clear off lumber, concrete blocks and other debris left from the tearing down of that structure and from the demolishing some time prior thereto of a house on that lot. He sustained an injury either when he tripped and fell while carrying a concrete block, or when some concrete blocks which he had stacked on a trailer fell on him.
While plaintiff was working for Blanchard, the latter owned two small farms in Evangeline Parish, comprising a total of about 88 acres, and he also owned 10 or 12 lots in the City of Eunice. Blanchard’s home and a grocery store were located oh one of these lots, a washateria was on another, and a rent house was located on a third lot. The other lots apparently were unimproved, except for the garage or barn which plaintiff was hired to remove from one of them, and none of the other lots were occupied or were being used in any way.
One of the small farms owned by Blanchard was being rented at the time the accident occurred, and the other farm was being used by him for raising cattle. Blanchard also was operating the washa-teria without any employed help, and he was receiving rent from a tenant who occupied the rent house. The sources of Blanchard’s income while plaintiff was working for him, therefore, were the rentals he received from his rented farm, the *649 income he derived from his cattle raising business, the income he received from operating the washateria, and the rent he collected for the use of the rent house. Defendant was not engaged in the business of clearing off lots of ground or of demolishing houses.
Blanchard previously had operated the grocery store which was located next to his home, but he and his wife became ill during the first part of 1970, and defendant’s doctor recommended that he quit the grocery business. Blanchard closed the store on January 20, 1970, therefore, about three weeks before plaintiff was injured, and the store was not being operated by anyone while plaintiff worked for defendant. Blanchard later rented or leased the grocery store to someone else, but he personally has not operated it since it was closed on the above mentioned date.
The lot which plaintiff was clearing off at the time of his injury was acquired by Blanchard in 1961. A house was located on it at that time, and Blanchard rented that house until some time in the early part of 1969, when it became vacant. Defendant had the house demolished shortly thereafter, from six to twelve months before plaintiff was injured. Defendant explained that it was an old house which was not fit to rent, that it had been vacant for about a month before it was torn down, and that he did not feel that it was worth fixing up. He paid his son-in-law to demolish it. After the house had been torn down, some of the scrap lumber was burned, but the rest of it and other remains of the building stayed on the lot until February, 1970, when plaintiff was hired to clear it off. There also was on the lot at that time an old garage or barn which had not been torn down. Plaintiff was to tear down that old building and remove the remains from the lot, as well as the debris from the demolished house.
Blanchard testified that he employed plaintiff to clear off the lot because he planned to sell the home in which he had been living and to construct a new home for himself and his wife on the lot which was being cleared. He stated that he did not intend to build a rent house on that lot or to use it for rental purposes. It developed later that Blanchard was unable to sell his homeplace, and he was still living there at the time of the trial. No building of any kind has been constructed on the lot which plaintiff cleared off.
Defendant’s son bought a house trailer on or about July 1, 1970, and immediately thereafter he moved it on the lot which had been cleared off by plaintiff. The house trailer remained on that lot for about six months, until December 20, 1970, when it was moved off. The trailer was occupied by Blanchard’s son and his family while it was on the lot, but no rent or consideration of any kind was paid to defendant or to anyone else for permitting the trailer to be placed on that lot.
Plaintiff contends primarily that defendant was engaged in the business of renting property, that the lot he was clearing off at the time of his injury was rental property, and that he thus was performing services incidental to and in the course of defendant’s trade, business or occupation, as provided in LSA-R.S. 23:1035. He contends that he drove a truck in performing his duties, that the business thus was hazardous, and that he is entitled to recover workmen’s compensation benefits.
The trial judge found that “the defendant was not in the business of demolition or clearing lots and the clearing of this lot was not integrally connected to the former rental of the house on said lot.” He concluded that “the employment in question was not in the course of the defendant’s trade, business or occupation.” Judgment was rendered rejecting plaintiff’s demands.
We agree with plaintiff that Blanchard was engaged in the business of renting property when the accident occurred. He was renting a farm and a residence building at that time. We do not believe, however, that the lot which was being cleared *650 off by plaintiff was rental property. It ceased to be rental property when the residence building located on that lot was demolished. The evidence convinces us, as it apparently did the trial judge, that defendant did not intend to use the property for rental purposes after that time, and that he has not done so. He engaged plaintiff to clear off the lot for the purpose of enabling defendant to build a home for himself and his wife, in the event he succeeded in selling the home he then occupied. The work being performed by plaintiff thus had no connection with, and was not incidental to, defendant’s rental business or any other business in which he was engaged.
The issue presented here is similar to that presented in Fontenot v. Travelers Insurance Co., 236 So.2d 889 (La.App. 3 Cir. 1970), and Stigler v. Bell, 276 So.2d 799 (La.App. 4 Cir. 1973). In each of those cases the court found that although the employer was engaged in a hazardous occupation, the work which the injured employee was performing was not incidental to the employer’s business, and that the employee thus was not entitled to recover workmen’s compensation benefits. In Stig-ler v. Bell, supra, the court said:
“Work performed on a structure owned by the employer, but having no connection with the employer’s business does not come under the course of the employer’s trade, occupation, or business, and does not entitle the worker to benefits under workmen’s compensation.”
Plaintiff argues further that his employment by defendant was of a permanent nature, and that it included work in defendant’s various businesses, including farming, renting property and operating the washa-teria. He testified that the agreement was that after he completed the demolition of the barn and removal of debris from the above mentioned lot, he was to remain in Blanchard’s employment to perform other duties incidental to his businesses. Plaintiff’s testimony, in part, was that “He told me I was going to go and clean up a lot and if he found that I work at something or was satisfied with my work, he said he was going to hire me regular.”
Defendant denies that he employed plaintiff to work for him regularly or to do anything more than to clear off the lot. He testified that he hired plaintiff solely to tear down the old barn and to remove the debris from that lot, that he agreed to pay plaintiff $1.25 per hour for that work, and that he told plaintiff that the job would last only three or four days. He stated that he did not use employees in any of his businesses, and that he had no other work for plaintiff to do. He explained that plaintiff’s duties on this job were to demolish the old barn and to move all of the debris to the edge of the lot near the street, so it could be picked up by city trucks. He stated that plaintiff did not drive a truck in the performance of his duties, not even one time, and that he had substantially completed all of the work he was hired to perform when the accident occurred.
The trial judge obviously concluded that plaintiff was employed solely to clear off the lot, and that there was no understanding that he was to continue to work for dependant after that job was completed. We think the evidence supports that finding.
Our conclusion is that plaintiff’s employment had no connection with any of defendant’s businesses, and that plaintiff thus was not performing services arising out of or incidental to any trade, business or occupation of defendant at the time his injuries were sustained. The trial judge correctly held, therefore, that plaintiff is not entitled to recover workmen’s compensation benefits from defendant.
In view of the conclusion which we have reached, it is unnecessary for us to consider the question of whether plaintiff drove a truck in connection with his employment, and thus whether the employment was hazardous.
*651 For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.