345 So.2d 1000 (1977)
Everett Elton THOMAS, Plaintiff-Appellee,
v.
George HOLLAND d/b/a Holland's Tractor Sales & Service, Defendant-Appellant.
No. 13209.
Court of Appeal of Louisiana, Second Circuit.
April 25, 1977.
Rehearing Denied May 23, 1977.
*1001 James M. Dozier, Jr., Farmerville, for defendant-appellant.
Truett L. West, Farmerville, for plaintiff-appellee.
Before BOLIN, HALL and JONES, JJ.
HALL, Judge.
Plaintiff filed this workmen's compensation suit after being injured in a fall during construction of an addition to defendant's business establishment. The trial court found plaintiff to be totally and permanently disabled, and rendered judgment in his favor. Defendant appealed, and we affirm.
Defendant sells and repairs tractors under the name of Holland's Tractor Sales & Service. He hired plaintiff to supervise and aid in the construction of an addition to his repair shop. Plaintiff was to be paid $130 per week until the building was finished. *1002 He did a significant amount of manual labor in carrying out his duties. While he was hired primarily to work on the building, plaintiff also did some minor welding repair work for defendant's customers. He received no extra compensation for this work. Plaintiff was expected to work the same 5½ day week as defendant's regular employees.
While working on the addition to the repair shop, on August 7, 1973, plaintiff slipped and fell about 18 feet onto a concrete floor. Although his arm was also injured, his most serious injury was a severe dislocation of his left ankle. The foot was placed in splints, and plaintiff was on crutches for several weeks. He returned to work in October, mostly in a supervisory capacity, but continued to have problems. X-rays in December, 1973, showed evidence of the development of arthritis in the joint immediately below the left ankle. The attending physician testified that arthritis was a frequent consequence of this type of dislocation. At the time of plaintiff's last examination in April, 1975, his physician concluded that plaintiff could not do work which involved walking over irregular ground, or climbing ladders, or walking narrow beams.
Defendant contends (1) that plaintiff is an independent contractor and not covered by workmen's compensation; (2) that the accident did not arise out of the employer's regular trade, business, or profession; (3) that the evidence does not support a finding of permanent and total disability; (4) that proper credit was not given for payments to plaintiff; and (5) that plaintiff was precluded from recovering permanent disability benefits by taking an earlier default judgment for partial disability benefits.

Coverage Under The Workmen's Compensation Act
LSA-R.S. 23:1021(5) provides:
"`Independent contractor' means any person who renders service, other than manual labor, for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter."
Plaintiff was not an independent contractor. He was paid by the week, was expected to keep the same hours as defendant's other employees, and his work was partially supervised by defendant during construction. Furthermore, even if he was an independent contractor, his construction work involved a substantial amount of manual labor, which would bring him within the scope of the Act.
Defendant argues that plaintiff was not injured in the performance of the employer's regular business, and is, therefore, not covered by the Act. The Supreme Court held in Speed v. Page, 222 La. 529, 62 So.2d 824 (1952) that where an employer engaged in a hazardous business undertakes to repair the building housing that business or the equipment therein, his employees are protected by the workmen's compensation laws. That holding applies to the instant case. The addition was intended to house the repair business operated by defendant. This business is hazardous and within the scope of the Act. Caldwell v. George Sproull Co., 184 La. 951, 168 So. 112 (1936), relied on by defendant, is inconsistent with the holding in the more recent Speed case.
The other cases cited by defendant are distinguishable. Edwards v. Stafford, 153 So.2d 106 (La.App. 1st Cir. 1963) involved a nonhazardous business, and the court in Edwards distinguished Speed on that basis. Stigler v. Bell, 276 So.2d 799 (La.App. 4th Cir. 1973) involved a workman converting a storeroom into a playroom for the employer's children. That work was completely unrelated to the employer's business.

*1003 Extent of Disability

The trial judge awarded benefits for permanent and total disability. The Supreme Court recently reviewed the legal requirements for a finding of compensable total disability in Lucas v. Insurance Company of North America, 342 So.2d 591 (La. 1977). Lucas states that an injured employee is totally and permanently disabled if he cannot perform the same or similar work to that performed before the accident without unusual difficulty or danger. A skilled worker, although he may be able to obtain other types of skilled work, is disabled if he cannot perform a substantial portion of the work incident to his special occupation. By reason of the work-caused disability, the employee is placed at a disadvantage in securing employment in the labor market.
The summary in Lucas is appropriate to the instant case. Plaintiff, a general construction worker, can no longer perform without serious difficulty those tasks which involve climbing. The attending physician confirmed that plaintiff's work should not involve climbing, as it would be difficult and dangerous. His condition is not likely to improve. The testimony establishes that climbing is an integral and substantial portion of plaintiff's occupation, and that he has been handicapped in obtaining work by his inability to climb. Plaintiff is entitled to compensation for permanent and total disability. See Lawless v. Steel Erectors, Inc., 254 La. 37, 222 So.2d 849 (1969); Blappert v. Boh Brothers Construction Co., 292 So.2d 910 (La.App. 4th Cir. 1974).

Credit
Defendant contends that the $2,470 which he paid plaintiff between the time of the injury and the time the job was completed should be credited against the amount of compensation due. However, credit for wages paid is computed by deducting from the total number of weeks for which compensation is due those weeks when the employer paid the injured employee any amount which at least equaled the compensation due. Amounts paid weekly in excess of the compensation due cannot be credited as payment for future weeks. Futrell v. Hartford Accident & Indemnity Company, 276 So.2d 271 (La.1973). Furthermore, any amounts paid which are actually earned after the injury cannot be credited against the amount due. Gonzales v. Coastal Wire Warehouse, Inc., 328 So.2d 923 (La.App. 4th Cir. 1976). Only unearned payments are credited.
The trial judge allowed seven weeks credit for the seven payments which defendant made between the accident and plaintiff's return to work. This determination was correct.

Effect of Default Judgment
Prior to the trial of the instant case, plaintiff had obtained a default judgment for partial disability. That judgment was overturned when the trial judge granted a motion by defendant for a new trial "in the interest of justice." Defendant contends that the default judgment for partial disability acted as a remission of any claim over that amount. However, the motion for new trial was timely filed, and the judgment never became final. Plaintiff's petition properly alleges permanent and total disability, and the default judgment, which never became final, does not preclude him from recovering those benefits to which he is entitled by the evidence and applicable legal principles.
The judgment is affirmed at appellant's costs.
Affirmed.