369 So.2d 201 (1979)
Bennie SLOCUM, Plaintiff-Appellant,
v.
Odell LAMARTINIERE, Defendant-Appellee.
No. 6850.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
Concurring Opinion March 8, 1979.
Dissenting Opinion March 13, 1979.
Rehearing Denied April 19, 1979.
*202 Boatner & Luke, R. H. Luke, Bunkie, for plaintiff-appellant.
Gravel, Roy & Burnes, Chris J. Roy, Alexandria, for defendant-appellee.
Before WATSON, GUIDRY, CUTRER, STOKER and DOUCET, JJ.
WATSON, Judge.
This is a suit to recover workmen's compensation benefits. Defendant, Odell Lamartiniere, a grocer for thirty-two years, undertook the construction of a new grocery store and engaged plaintiff, Bennie Slocum, a carpenter, to perform all of the necessary carpentry work. On January 4, 1977, plaintiff was injured in a fall from a ladder and filed suit against defendant for permanent partial disability benefits. The trial court rendered judgment in favor of defendant Lamartiniere and plaintiff has appealed.
The facts are uncomplicated:
It is undisputed that plaintiff spent his work time in manual labor. He was assisted by his son, Lynn Slocum. Both were paid by check each Friday: plaintiff earned $7 an hour and his son $6. The construction materials were ordered and paid for by defendant Lamartiniere who selected the grade of materials desired. (TR. 53). Slocum paid for his own tools and transportation. Defendant had also engaged Ted Laborde to do the electrical work on the new store, Raymond Blanchard to do the plumbing; and a bricklayer to do the brick work. Slocum testified that he had been hired by the hour to do whatever Lamartiniere wanted done. (TR. 82). His work for Lamartiniere was identical to the work he had done for general contractors. (TR. 62).
When the new store was completed, defendant Lamartiniere moved his business into it with no interruption of grocery store activity.
The liability issue is whether Slocum's work was part of Lamartiniere's trade, business or occupation.
CONTENTIONS OF THE PARTIES
The parties have argued this case twice, both times taking the position that Slocum was an independent contractor. We are not certain that their appreciation of Slocum's status is correct, but in any event, the question is whether the construction of the grocery store was part of Lamartiniere's trade, business or occupation.
*203 Counsel for defendant says that his client is a grocer and that the construction work in which Slocum was engaged formed no part of Lamartiniere's grocery "business." Therefore, according to defendant's counsel, Lamartiniere owes Slocum no compensation benefits.
Counsel for plaintiff argues that, either (1) building a new grocery store is part of a grocer's business or (2) when defendant began building the new store he became not only a grocer but a building contractor, and under either alternative, Lamartiniere is liable to Slocum for compensation benefits.
LIABILITY
A person rendering services for another is presumed to be an employee. LSA-R.S. 23:1044.[1] Slocum could be regarded as an employee under these circumstances. See Thomas v. Holland, 345 So.2d 1000 (La.App. 2 Cir. 1977). If Slocum is regarded as an independent contractor, doing manual labor, rather than an employee, he would be covered under the provisions of the compensation act unless otherwise exempted. LSA-R.S. 23:1021(5).[2] LSA-R.S. 23:1035 and LSA-R.S. 23:1061 provide that the services rendered by an employee or independent contractor must be "in the course of" or "part of" the employer's "trade, business or occupation." In Lushute v. Diesi, 354 So.2d 179 (La., 1978) the Louisiana Supreme Court held that such work must be a "necessary," rather than incidental, part of the business. 354 So.2d 183. Lushute concluded that air conditioning is not an essential part of a restaurant business.[3] However, a building is an essential part of a grocery store; Lushute is not controlling here. Defendant Lamartiniere had determined that his business required a new building, and this decision was his to make, not ours.
Clearly, Lamartiniere was not building his new store as a hobby. Whether the building be regarded as a continuation of the grocery business or a venture into the construction business, it was a commercial enterprise in every respect and those employed for the labor are covered by the compensation act. Speed v. Page, 222 La. 529, 62 So.2d 824 (1952); Doss v. American Ventures, Inc., 261 La. 920, 261 So.2d 615 (1972). Here, as in Doss, Lamartiniere undertook to contract the construction of his new store and could be considered engaged in a second trade or business as a contractor. It is well established that an individual may be engaged in more than one trade or business. Broussard v. Adams, 270 So.2d 913 (La.App. 3 Cir. 1972); Evans v. Naihaus, 326 So.2d 601 (La.App. 4 Cir. 1976).
The trial court was clearly wrong in deciding that Slocum's employment by Lamartiniere was not a part of the latter's trade, business or occupation.
BENEFITS
The medical evidence is contained in the deposition of Dr. Douglas Gamburg, an orthopaedic surgeon of Alexandria. He described plaintiff's injury as a comminuted fracture of the upper humerus. He assigned 10% partial permanent disability of the "shoulder" or "upper extremity." (TR. 33). Plaintiff's brief states that the parties agree that he has 10% partial permanent *204 impairment of the "shoulder" and that the medical expenses totaled $328 as of trial.
The compensation act does not include "shoulder" as a body part so we will consider the loss referable to Dr. Gamburg's other description, the "upper extremity" or arm, the loss of which is compensable for 200 weeks. LSA-R.S. 23:1221(4)(f).
The award of compensation is as provided by LSA-R.S. 23:1221(4)(o), 10% of weekly benefits for 200 weeks, but this amount must be increased to the 20% minimum of LSA-R.S. 23:1202.
Plaintiff's compensation rate is alleged to be $130 per week and this has not been disputed by defendant. The award, therefore, is $26 for 200 weeks.
Plaintiff's demand for penalties and attorney's fees is without merit and is denied.
DECREE
It is ordered, adjudged and decreed that there be judgment herein in favor of Bennie Slocum, plaintiff, and against Odell Lamartiniere, defendant, for weekly compensation benefits in the amount of $26 per week payable weekly beginning January 4, 1977, for a period of 200 weeks, together with legal interest on all past due payments from due date until paid, and for medical expenses in the amount of $328 plus any other medical expenses legally due.
Costs of all proceedings at trial and on appeal are taxed against defendant.
REVERSED AND RENDERED.
STOKER, J., concurs and assigns written reasons.
DOUCET, J., dissents and assigns written reasons.
GUIDRY, J., dissents for the reasons assigned by DOUCET, J.
STOKER, Judge, concurring.
The majority in this case finds in favor of workmen's compensation claimant, Bennie Slocum. I concur on the basis of the holding of the Louisiana Supreme Court case in Doss v. American Ventures, Inc., 261 La. 920, 261 So.2d 615 (La.1972). The thrust of that case was that the owner of a building rented entirely to various tenants was in the construction business, not the rental business, when it undertook to reconstruct the building after its destruction in a hurricane. In the case before us the defendant is the owner of a small grocery. He undertook to construct a new building to house his grocery business. Plaintiff was engaged to do carpentry work. Other phases of the work were contracted out to specialty contractors including work consisting of plumbing, electrical and masonry.
Our dissenting brothers hold that plaintiff was an independent contractor within the meaning of LSA-R.S. 23:1021(5). As a carpenter a substantial part of plaintiff's work time was spent in manual labor. Nevertheless, our dissenting brothers take the quite reasonable position that plaintiff should be denied compensation on authority of the very recent decision of the Louisiana Supreme Court in Lushute v. Diesi, 354 So.2d 179 (La.1978) in which it reversed a decision of this court. In that case the dependents of Lushute were denied compensation upon a finding that Lushute was not performing work which was a part of the defendant owner's restaurant establishment when Lushute was injured while working on the air conditioning system in the restaurant. The Supreme Court held that Lushute was an independent contractor and was not engaged in a part of the trade, business or occupation of the restaurant owner. The dissent is of the view that the same approach should be made here. Therefore, it is argued that in working as a carpenter on a new grocery building, plaintiff Bennie Slocum, was not engaged in any part of Odell Lemartiniere's existing grocery business.
The problem on which we focus in this case has long plagued the courts. It is one with which our Supreme Court has struggled in attempts to clarify and settle legal principles and establish guidelines. See Speed v. Page, 222 La. 529, 62 So.2d 824 *205 (1952) and the cases discussed therein.[1] In addition to the question of whether the work performed is a part of the trade, business or occupation of the person sought to be held liable for compensation, another complicating factor has been the issue of the hazardous versus non-hazardous nature of the employer's business. These problems were recently noted by Professor Wex S. Malone writing in 33 Louisiana Law Review 284 at page 287. His observations were as follows:
For more than a quarter of a century the Louisiana supreme court has adhered to the position that the proprietor of a non-hazardous business does not subject himself to compensation liability by reason of the fact that he directs an employee to repair or otherwise alter the premises upon which the business is conducted. The commonly announced reason for this exclusion is that repair and alteration are not parts of the trade and/or business of the employer.14 It follows that repairs on premises held by the employer for rental purposes or as security for loans to customers do not constitute work covered by the statute, and this is true even in face of the fact that repair operations of this kind are clearly of a hazardous character. In striking contrast is repair on improvement work done on structures owned and operated by the proprietor who is engaged in a business that in some way can be characterized independently as hazardous. Thus, fortunate indeed is the handyman who repairs his employer's motion picture theater, which houses an electric projector,15 or his cattle yard or his undertaking parlor (businesses that use motor trucks or motor propelled hearses),16 for he shall have compensation if injured, while the repair man who meets with an accident while doing work on premises maintained for rental by a landlord is not so fortunate, and must pay his own accident costs because the renting of property is not a hazardous occupation. This strange position was reaffirmed last year in Doss v. American Ventures, Inc.17 The disastrous effect for the worker, however, was avoided by excluding the facts of the controversy from the proposition announced above. The defendant had been the owner of rental premises which had been virtually destroyed by Hurricane Betsy. He had undertaken to rebuild the structure on his own account, using only specialty sub-contractors. One of these was the plaintiff, a painter, who was injured while at work on this job. Relying upon the fact that the rebuilding of the structure was a sizeable enterprise, the court concluded that the owner of the destroyed building had undertaken to engage in construction as a business. This was true even though this single reconstruction was the only enterprise in which he engaged.18
14 W. Malone, Louisiana Workmen's Compensation Law & Practice § 102 (1951).
15Speed v. Page, 222 La. 529, 62 So.2d 824 (1952).
16Gallien v. Judge, 28 So.2d 101 (La.App. 1st Cir. 1946); Hecker v. Betz, 172 So. 816 (La. App.Orl.Cir. 1937).
17 261 La. 920, 261 So.2d 615 (1972).
18Cf. Locken v. Department of Labor & Indus., 58 Wash.2d 534, 364 P.2d 232 (1961) (single land clearing operation for few days duration constitutes a business); In re Karos, 34 Wyo. 357, 243 P. 593 (1926) (professional plasterer undertook to transport a house for another on a single occasion, held engaged in business of moving).
In Speed v. Page, supra, the claimant was engaged as a laborer assisting in the work of demolishing and reconstructing Page's theater building. Page argued that his business was that of operating a movie theater and the services of Speed were not performed in the regular course of the movie theater business. In Speed, the Supreme Court noted that the broad purpose of the workmen's compensation statute was to readjust the social obligations existing between employees and employers and decided in favor of compensation coverage. It stated its conclusions as follows, 62 So.2d at pages 827-828:
Clearly, the cost of the maintenance of the theater building and equipment, including *206 its repairs, is an operating or production cost of Page's business or occupation. The fact that the theater ceased its operations temporarily for repairs that required the employment of additional labor does not, in our opinion, alter the basic fact that this forms an element of the cost of the operation of the theater that will be finally borne by the patrons.
It is our conclusion, therefore, that where the operator of an admittedly hazardous business, in the conduct of that business undertakes repair, whether it be of the building housing the same or the equipment therein, rather than have it done under contract, his employees come under the protection of the employers' liability laws of this State. (Emphasis supplied.)
This court, when the Lushute case was before it, found that a self-employed plumber was engaged in an integral part of a restaurant operated by the defendant when the plumber, Lushute, was engaged to repair an air conditioning unit serving the restaurant. The Supreme Court, reversing, found to the contrary and held that the work being done was not a part of the restaurant owner's trade, business or occupation. The Supreme Court reasoned that air conditioning for a restaurant was nice but not necessary.[2] Therefore, the injured independent contractor-plumber was not covered by the provisions of the Louisiana Workmens' Compensation Law. The Supreme Court did not expand on its holding. However, it did preface its holding by reiterating the principle that the question in such cases "is a factual issue which must be determined under the circumstances of each case". The Louisiana Supreme Court decided Lushute v. Diesi, supra, without any reference to Speed v. Page, supra. Although those two cases reached different results, it may be argued that on the surface, at least, there is no substantial or material difference in the facts of the two cases. An answer to whether this failure to discuss the Speed case is significant or not, will no doubt have to await further interpretation. At this time, however, I do not regard the authority of Speed v. Page, supra, to have been clearly lessened or placed in question.[3] This review is fortified by the Supreme Court's recent reference to it in Doss v. American Ventures, Inc., supra.
In Doss v. American Ventures, Inc., decided in 1972, a building owner-lessor was held liable for compensation to an injured painter when the owner-lessor undertook to reconstruct a building destroyed by Hurricane Betsy in 1965. In that case the Louisiana Supreme Court did not pitch its decision on an inquiry as to whether construction or reconstruction of the building was a part of the business of commercial renting. It founded its holding on a finding that, in undertaking to reconstruct its building, the owner-lessor "effectively became its own general contractor". The court said: "Under these circumstances there can be no doubt but that the corporation (owner-lessor of the building) was engaged in the construction project as a business or trade when the plaintiff was injured . . .".
The Supreme Court in the Doss case apparently found it necessary to ground its holding on the analysis outlined above because it did not regard leasing of buildings as a hazardous business. However, it observed that the case is different if the employer's business is hazardous using these words:
Of course, if an employer undertakes repairs on premises used by him to carry on a hazardous business or occupation, an employee injured while engaged in such work is covered by the compensation act because he is engaged in hazardous work in the course of his employer's hazardous business or occupation. This was the *207 holding in Speed v. Page, 222 La. 529, 62 So.2d 824 (1952).4
4 The Court of Appeal erred in holding that the Speed case supported its conclusion that all employees making repairs on all business establishments would be covered by compensation simply because the repairs were in furtherance of the business. It failed to note that in the Speed case, the employer's occupation was hazardous.

* * * * * *

* * * * * *
Under the approach of Doss it is proper to hold in the case before us that Odell Lamartiniere became, in the words of Doss, "his own contractor". As such, the contractual relationship between plaintiff, Bennie Slocum, and defendant was one between Slocum as employee and Lamartiniere as a builder, not as a grocer. This is a relationship quite distinguishable from that in Lushute. The distinction provides a reasonable theoretical basis for a different treatment of a plumber-service person such as Lushute and a painter employed on a new construction project such as in Doss. It would, no doubt, cover the situation of Speed v. Page, supra.
From the foregoing analysis I am of the opinion that plaintiff Slocum can recover in this case only if defendant Lamartiniere can be classified as a builder under the circumstances.
In Doss v. American Ventures, Inc., supra, the Louisiana Supreme Court observed, 261 So.2d at page 618 of the opinion as follows:
Nor can it be said that, as a matter of law, whenever a person constructs or reconstructs his own building to be rented or used commercially he is, or is not, in the construction business. There are some cases in which it has been held that, under the particular circumstances presented, the building owner was not so engaged as a business and, hence, compensation was denied. See Lay v. Pugh, 9 La.App. 183, 119 So. 456 (1928) cert. den.; and Effler v. Edwards, La.App., 142 So.2d 599 (1962) cert. den. Rather, as urged by counsel for all of the litigants herein, whether such employer is so engaged as a business, trade or occupation is a question of fact, depending on the circumstances of each case.
After making the above quoted announcement the Supreme Court proceeded to determine on the record that American Ventures, Inc. "was engaged in the business of construction work when plaintiff (Doss) was employed by a subcontractor to repaint the reconstructed building". Two factors were mentioned by the Supreme Court supporting its finding. One was that American had the original building constructed by a general contractor but rebuilt it without such services after Hurricane Betsy destroyed the building (i. e. through various separate subcontractors) "and, thus, effectively became its own general contractor". The other factor mentioned was that American, in seeking reimbursement from its insurer for the cost of rebuilding its structure included ten percent over and above actual costs to cover supervisory work of American's corporate officers and the cost of liability and workmen's compensation insurance.
Before further analyzing Doss, it is perhaps proper to consider the appropriateness of the use of the term contractor in this context. While it is true that the Supreme Court employed that term in Doss, it is not necessary and probably it is unproductive to consider when an employer is, or is not, a contractor. The answer to this question is not necessarily dispositive of the issues. Certainly in the vernacular the term contractor usually is accepted to mean someone in building or construction enterprise including specialty contractors, frequently referred to as subcontractors. However, the word contractor is not descriptive of what a builder does or of services performed, for example, by a painting, electrical, plumbing, floor covering or roofing contractor. Singers, actors, and athletes all contract. They contract with movie and television producers and with business entities owning teams engaged in professional sports. However, we do not refer to them as contractors. We refer to them as singers, actors, baseball players and so forth because *208 this is descriptive of their trades, occupations or businesses.
From the foregoing it is clear that in the usual sense a "contractor" is a builder, and building construction is his trade, occupation, or business. He is referred to in the vernacular as a "contractor", but the word comes only because his legal engagements with clients are covered by contracts, even if oral. I suggest that this distinction is important because it should not matter in a case like Doss, whether an owner-builder in a given case has anyone who can stand with him as a principal as to whom the owner-builder is the contractor. In Doss the court did not refer to American Ventures, Inc. (the owner builder) as someone else's contractor, but as "its own general contractor". This is simply another way of saying that the owner assumed the role of builder to reconstruct rather than engaging (contracting with) a third party to do the work for it. American Ventures, Inc. was not, as was suggested in oral argument, the contractor of its insurer. American did claim from the insurer as a part of its reimbursement Costs for reconstruction a 10 per cent fee of total actual cases for work of its corporate officers in supervising the work. If this reimbursement was made, it did not thereby constitute American a contractor for the insurer. A careful reading of the Doss opinion, especially beginning 261 So.2d at headnote four on page 619, reveals that the focus on the word contractor came from contrasting the fact that American, in constructing the building originally, had done so by employing the services of a general contractor, but after the hurricane destruction had elected to rebuild itself "and, thus effectively became its own general contractor." (Emphasis supplied.) If one is his own general contractor, he is no one else's. The passage of money, or reaping of profit, is not what counts.
All of the foregoing is simply to demonstrate that to classify a person as a contractor or not is not dispositive of the issue. What Doss v. American Ventures holds is that, if an owner constructs or reconstructs his own building, the circumstances may legally place him in that trade, occupation, or business. As noted above, in Doss the court said: "nor can it be said that, as a matter of law, whenever a person constructs or reconstructs his own building to be rented or used commercially he is, or is not, in the construction business. * * *. . . whether such employer is so engaged as a business, trade or occupation is a question of fact, depending on the circumstances of each case."
The foregoing discussion brings us, in my opinion, to the essential question in disposing of the issue between Bennie Slocum and Odell Lamartiniere. Since Odell Lamartiniere was in fact engaged in building a building on his own, what are the circumstances of the case, referred to in Doss on which the liability or non-liability for compensation will turn? In the quotation of Professor Malone from 33 Louisiana Law Review set forth above, he notes: "Relying upon the fact that the rebuilding of the structure was a sizable enterprise, the court concluded that the owner of the destroyed building had undertaken to engage in construction as a business. This was true even though this single reconstruction was the only enterprise in which he engaged." According to Malone's interpretation of Doss, size of the enterprise would be a test but there need be only one undertaking.
Following Professor Malone's lead we may note that Odell Lamartiniere may be deemed to have been engaged in the building business although his construction of a new grocery store was the only undertaking of this character in which he was, or had ever, engaged. Was the undertaking of sufficient size to constitute him a builder? There seems to be no particular reason to differentiate between American Ventures, Inc. which reconstructed a building to house four or five tenants and Lamartiniere who was building anew for only onehimself. Besides the services of carpenters, including plaintiff, Lamartiniere utilized the services of several specialty contractors, or undertakers. These included a plumber, bricklayer and electrician. Lamartiniere also hired someone to do some small amount of painting. Lamartiniere was generally responsible *209 for the ordering and purchase of supplies and building materials for the job. In my opinion these circumstances indicate a building enterprise of sufficient significance to bring this case under the rule of Doss v. American Ventures, Inc.
For the foregoing reasons, I am of the opinion that the liberal social objectives of the Workmen's Compensation Law requires the imposition of compensation liability upon defendant in favor of plaintiff. Therefore, I concur in the result reached by the majority in this case.
DOUCET, Judge, dissenting.
The pivotal issue is whether or not the work performed by plaintiff was part of defendant's trade, business or occupation within the meaning of LSA-R.S. 23:1035 and LSA-R.S. 23:1061. Although I believe that plaintiff was clearly an independent contractor as defined in LSA-R.S. 23:1021(5), such classification would have no effect on his right to recover workmen's compensation benefits, since a substantial amount of his work time was spent in manual labor.
As noted by the Louisiana Supreme Court in Lushute v. Diesi, 354 So.2d 179 (La.1978), this issue is a factual one, which must be determined under the circumstances of each case. The plaintiff in Lushute was a self-employed plumber, electrician and handyman, who ultimately died of injuries he sustained while working on the air conditioning system in the defendant's restaurant. Holding that repairing of the air conditioning system was not part of the defendant's restaurant business, the court made the following observations:
"A properly functioning air-conditioning system, although desirable from the viewpoint of customer comfort and satisfaction, is not necessary for the operation of a restaurant. The service rendered by decedent at the time of the accident was not a part of the restaurant business but was merely incidental thereto."
I find that reasoning equally compelling under the facts of the instant case.
I have no difficulty agreeing that Mr. Lamartiniere was not building the new store as a hobby. However, a finding that his business was in some way enhanced by the use of the new building is an insufficient basis for holding that its construction is part of that business. Mr. Lamartiniere's retail grocery business has been in existence for thirty-two years. I find nothing in the record to indicate that the new building was necessary for the continued operation of this ongoing business, rather than being merely incidental thereto. Absent such a showing, I feel that it is improper to conclude that the construction of the building was part of the grocery business.
The argument that it was a venture into the construction business is equally unpersuasive. Doss v. American Ventures, Inc., 261 La. 920, 261 So.2d 615 (1972) does not support such a conclusion. In Doss, American Ventures, Inc. was in the business of renting office space in a building which it owned. After the building was demolished by a hurricane, it undertook its reconstruction. Although a general contractor had been employed when the building was originally built, officers of the corporation performed this task when the reconstruction took place. American claimed from its insurer ten per cent of the total actual costs as compensation for these services. Mr. Lamartiniere did not receive such compensation.
Speed v. Page, 222 La. 529, 62 So.2d 824 (1952) does not stand for the proposition that every person employed by the owner of a commercial enterprise is covered by the compensation act. The court in that case was concerned with the situation of employers utilizing their regular employees to make repairs to the building in which they conduct their business, rather than having it done under contract. Mr. Slocum was not a regular employee of Mr. Lamartiniere in the conduct of his grocery business. His work was done pursuant to a contract. Thus, this is a fundamentally different factual situation than that in Speed. It is significant that the court in Lushute v. Diesi, supra, did not mention Speed. Surely, if it could be extended to apply to this *210 case, it would have been equally applicable there.
For these reasons, I respectfully dissent from the judgment awarding workmen's compensation benefits. I have no objection to the majority's determination of the compensation rate. However, I do not feel that plaintiff is entitled any benefits under the circumstances of this case.
NOTES
[1] LSA-R.S. 23:1044

"A person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter."
* * * * * *
[2] LSA-R.S. 23:1021(5)

"`Independent contractor' means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter."
[3] The opinion states that this is a factual issue but reversed a contrary factual determination by the trier of fact, which had been affirmed by this court. The nature of the manifest error is not specified.
[1] With reference to the problem in general, see W. Malone, Louisiana Workmen's Compensation Law & Practice, § 102 (Text 1951) and Pocket Part (1964).
[2] For an historical summary of cases developing the standard for whether a given activity performed by an independent contractor is a part of a principal's trade, occupation or business, see Cole v. Chevron Chemical Company-Oronite Division, 5th Cir. 1973, 477 F.2d 361.
[3] Our brothers of the Second Circuit, as recently as 1977, followed and applied the Speed case in Thomas v. Holland, 345 So.2d 1000 (La.App. 2nd Cir. 1977).