398 So.2d 1253 (1981)
Al ABADIE
v.
Irving BOUDREAUX et al.
No. 12174.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1981.
*1254 Joseph G. Kopfler, Houma, for plaintiff-appellant.
E. Ross Buckley, Jr., Buckley & Ward, New Orleans, for defendant-appellee Gordon Reynolds.
Before REDMANN, BARRY and KLIEBERT, JJ.
BARRY, Judge.
Plaintiff filed a workmen's compensation suit which was dismissed on an exception of no right of action as to one co-defendant. We are confronted with a factual situation which is basically undisputed.
Gordon Reynolds was a full-time high school teacher and athletic trainer who undertook construction of a home for his personal use and acted as his own contractor. During construction Reynolds hired Irving Boudreaux to frame the house, and Boudreaux hired plaintiff to install the roof. Plaintiff was to be paid a set amount agreed upon between plaintiff and Boudreaux. Plaintiff was injured on the job and sued Boudreaux and Reynolds for compensation benefits. Reynolds filed exceptions of no right or cause of action and a motion for summary judgment. The District Court maintained the exception of no right of action, dismissed plaintiff's lawsuit as to Reynolds, from which plaintiff now appeals.
Defendant's exceptions of no right or cause of action was founded on plaintiff not being his employee, but even if held contra, that the work which plaintiff performed was not within the normal trade, business, or occupation of Reynolds and therefore plaintiff was excluded from compensation coverage.
Plaintiff's effort to establish his status as either an employee or independent contractor as to Reynolds is immaterial without first determining whether the construction of the residence was part of Reynolds' trade, business, or occupation.
The evidence is clear that Reynolds had been a full-time school teacher for a number of years. He purchased a lot and approximately three years later decided to build a home for his own use which he personally contracted for in order to save money. It is uncontroverted that Reynolds had never previously been involved in any type of construction enterprise and his effort to "contract out" to build his home was his initial experience with the building trades industry.
A person rendering service for another is presumed to be an employee. LSA-R.S. 23:1044. An independent contractor doing manual labor would be covered under the Compensation Act unless exempted. LSA-R.S. 23:1021(5). Services rendered by an employee or independent contractor must be "in the course of or part of the employer's trade, business, or occupation". LSA-R.S. 23:1035.
If a person not in the construction business undertakes to act as his own general contractor, it does not necessarily follow *1255 as matter of law that the person is, or is not, in the construction business. This is a question of fact to be determined under the circumstances of each case. See Doss v. American Ventures, Inc., 261 La. 290, 261 So.2d 615 (1972). Plaintiff relies heavily on Doss wherein our Supreme Court determined that the employer corporation was engaged in construction as a business at the time when that plaintiff was injured. In Doss, the corporate employer was in the business of collecting rents on a building which it owned, and after the building had been destroyed, the corporation undertook re-construction in order to continue collecting rents and charged its insurer a percentage above actual expenses as a fee for contracting the work. Those facts are clearly distinguishable from this case.
McMorris v. Home Indemnity Insurance Company, 236 La. 292, 107 So.2d 645 (1958), is close factually to the instant case and held that a full-time federal employee, acting as his own contractor for construction of his home, was not engaged in his regular "trade, business, or occupation" so as to entitle a carpenter injured on the project to recover compensation benefits. Therefore, the work must be incident to or in the course of the employer's customary or regular trade, business, or occupation.
The anchor for this jurisprudence is Shipp v. Bordelon, 152 La. 795, 94 So. 399 (La. 1922). There the worker was injured while repairing a house owned by a physician. In concluding that the repair work was not incidental to or in the course of the physician's trade, business, or occupation, and denying compensation, the Supreme Court said:
"The Employer's Liability Law of this State does not purport to make all employers of labor liable for compensation, but plainly and distinctly limits its operation to certain specified trades, businesses, and occupations, which in their very nature are hazardous, as well as others not mentioned, which may, under certain conditions, be found to be hazardous, and to cases where the parties by mutual consent agree to come under its provisions. * * *
* * * * * *
"Hence we see that it is not enough that the employee shall be performing work of the character falling within the designated trades, businesses, or occupations, but it must be done "in the course of the employer's trade," etc., in certain trades, businesses, etc. In other words, the work must be of that character, and the employer must be engaged in that line of work as a trade, business, or occupation, in order that the act may apply. * * *
* * * * * *
"We agree with counsel that it is not required, under our law, that the business of the employer must be exclusive, for one may have a dozen trades, businesses, or occupations. But, to become liable for compensation, he must be actually so engaged, as a trade, etc., and it is not enough that the work done should be hazardous if it be not also incident to or in the course of the trade, business, or occupation of the employer which is within itself hazardous under the statute. * * *"
"It is well settled that it is the nature of the employer's business and not the particular work done by the employee which is the determinative factor in suits for compensation." Doss v. American Ventures, Inc., supra, at p. 618 citing Shipp v. Bordelon, supra. See Lawson's Workmen's Compensation Law § 50.21.
Even if Reynolds had been the employer, the nature of his job as a school teacher is determinative that roofing work is not within his occupation. Legislative mandate is clear and our jurisprudence dictates that this plaintiff's claim for compensation benefits is excluded as to the defendant Reynolds.
The District Court maintained co-defendant Reynolds exception of no right of action; however, plaintiff's petition fails to state a cause of action and the lower court judgment is therefore amended to dismiss plaintiff's petition based upon co-defendant Reynolds' exception of no cause of action.
AMENDED AND AFFIRMED.