KNOLL, Judge.
John L. Chamberlin, a minor represented by his mother, Mary Ann Chamberlin, appeals the granting of a motion for summary judgment in favor of Clifford Daigre-pont d/b/a Clifford Daigrepont Contractors, dismissing Chamberlin’s claim for worker’s compensation benefits. The trial court ruled that LSA-R.S. 23:1035(B) exempts Daigrepont from worker’s compensation liability. The sole assignment of error presented is whether the trial court erred, as a matter of law, in not finding that Daigrepont was engaged in a trade or occupation when Chamberlin sustained his injury, thus Daigrepont was immune from suit in compensation. We affirm, finding that the construction of Daigrepont’s private residence was not in connection with or in furtherance of Daigrepont’s trade, business or occupation.
FACTS
Daigrepont, a dirt contractor, was constructing his private residence in Alexandria. With assistance from some of the employees from his dirt contracting business he prepared the foundation for the slab, hung some of the sheetrock, and occasionally cleaned around the job site. Daig-repont, along with his wife, did the finishing carpentry work and roofed the house. For other construction work he hired: Ay-mond Plumbing for the plumbing work; Allen Guillot for bricking the home; and Ray DeSoto, an electrical contractor, for the installation of the heating and cooling system, and electrical wiring.
Chamberlin, a student thirteen years of age, was employed by DeSoto during the summer vacation as a helpmate. He had worked for DeSoto in this capacity on previous occasions. At the construction site of Daigrepont’s home, Chamberlin was steadying a piece of plywood for Freddie *60 Coutee, an employee of DeSoto, when Chamberlin sustained a severe injury to his left hand. Coutee was cutting a square out of the board using a hand held electric saw with the blade guard up when the electric saw bucked, striking Chamberlin, almost completely amputating his left hand.
STANDARD FOR WORKER’S COMPENSATION LIABILITY
A person rendering service for another is presumed to be an employee. LSA-R.S. 23:1044. An employee of a contractor is deemed to be an employee of the principal when the contractor performs work for the principal in the principal’s trade, business or occupation. LSA-R.S. 23:1061; Lewis v. Exxon Corp., 441 So.2d 192 (La.1983). For purposes of worker’s compensation, LSA-R.S. 23:1032 defines a principal as follows:
“... any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof ”
When a person meets the statutory definition of a principal, he is obligated to the injured employees of his contractors for worker’s compensation. Lewis, supra.
If a person not in the construction business undertakes to act as his own general contractor, it does not necessarily follow as a matter of law that such person is, or is not, in the construction business. This is a question of fact to be determined under the circumstances of each case. Doss v. American Ventures, Inc., 261 So.2d 615 (La.1972); Abadie v. Boudreaux, 398 So.2d 1253 (La.App. 4th Cir.1981). The test is whether the person's services were a substantial, essential and recurring part of defendant's regular business. Shepherd v. Martin, 448 So.2d 223 (La.App. 1st Cir. 1984); Evans v. Naihaus, 326 So.2d 601 (La.App. 4th Cir.1976); LSA-R.S. 23:1035.
Chamberlin relies heavily on Doss, supra, and Slocum v. Lamartiniere, 369 So.2d 201 (La.App. 3rd Cir.1979), writ denied, 372 So.2d 569. We find these cases distinguishable from the case sub judice.
In Doss, supra, the injured plaintiff was entitled to compensation from the defendant, the building owner-lessor, on a construction site because the defendant was engaged in the construction business when its executive officers acted as general contractors supervising the reconstruction of a building it used and rented in its trade as a leasing business. In Slocum, supra, plaintiff was entitled to recover worker’s compensation benefits while constructing a new grocery store for the defendant who was a grocer that determined his business required a new building. It was a commercial enterprise in every respect. Clearly, in both Doss and Slocum the plaintiffs were entitled to worker’s compensation benefits because plaintiffs were injured while performing work for the defendants in furtherance of, and/or in connection with, defendants’ trade, business or occupation.
In Fonseca v. Marlin Marine Corp., 410 So.2d 674 (La.1981), the Louisiana Supreme Court specifically referring to Doss and Slocum commented as follows:

“We recognize that an individual may have several different businesses, and we look to the facts of each particular case to determine whether or not construction, renovation or repair work is connected with the trade, business or occupation of the employer. Doss v. American Ventures, Inc., 261 La. 920, 261 So.2d 615 (1972). Generally, we have held that where the building being repaired or constructed houses the business or business equipment of the employer, or is leased by an employer engaged in the business of leasing or renting, the employee injured while working thereon is entitled to workmen’s compensation benefits? On the other hand, where the employee is injured while working on property of the employer which has no connection with the employer’s business, he is not covered by the workmen’s compensation law?” (Footnotes omitted.)

Chamberlin further urges that since Daigrepont used employees from his dirt *61 contracting business to help in the construction of his private residence, he is liable. We disagree. Although Daigre-pont used employees from his business in the construction of his private residence, he is immune from worker’s compensation liability since the building under construction was not in furtherance of or in connection with his trade, business or occupation.
The record supports that the construction of Daigrepont’s private residence had no connection with his business as a dirt contractor; his business involved only the hauling and compaction of dirt.
Therefore, we find that Daigrepont is not liable to Chamberlin for worker’s compensation benefits because Daigrepont was not in the trade, business, or occupation of house construction and the construction of his private residence was not in furtherance of or in connection with his dirt contracting business. In accord see: Shepherd, supra; Abadie, supra; Reed v. Lewing, 396 So.2d 1360 (La.App. 2nd Cir.1981); Jason v. Blanchard, 300 So.2d 647 (La. App. 3rd Cir.1974); Stigler v. Bell, 276 So.2d 799 (La.App. 4th Cir.1973); and McMorris v. Home Indemnity Insurance Co., 236 La. 292, 107 So.2d 645 (1958).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.