LABORDE, Judge.
Plaintiff, Randall K. Norman, filed suit against defendants, Dr. Joe B. Hayes and his insurer Hartford Insurance Company. Norman’s suit alleged that he should be allowed to recover worker’s compensation benefits from the defendants. Defendants filed a motion for summary judgment claiming that the work performed by Norman when he was injured was not part of the trade, business or occupation of Hayes and thus not compensable under the worker’s compensation law. The trial court granted defendants’ motion and plaintiff now appeals. We reverse.
FACTS
Dr. Hayes is a psychiatrist in Shreveport. He purchased an old home in Shreveport with the intent to remodel it and convert it into his office. Dr. Hayes then hired Norman to work on the remodeling of the home/office. He allowed Norman and his wife to live there. Norman was hired to sand and paint the premises and was also to perform some demolition work. Norman claims that his duties also included general cleanup work. On April 10, 1986, Norman was walking up a stairway in the home to retrieve a broom from the attic. He lost his footing and fell down the stairs injuring his back. He then sued Dr. Hayes claiming worker’s compensation benefits.
Norman appeals the trial court’s decision to grant Dr. Hayes’ motion for summary judgment. He claims that the trial court erroneously held that the work performed by Norman was not part of the trade, business or occupation of Dr. Hayes. He also claims that a determination of whether the work was part of Dr. Hayes’ trade, business or occupation, would be a factual determination and thus should not be disposed of by summary judgment. We will first consider the propriety of the trial court’s grant of summary judgment. Our holding on that issue pretermits any determination of whether the injury occurred while Norman was working for Dr. Hayes as part of Dr. Hayes’ trade, business, or occupation.
SUMMARY JUDGMENT
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966.
A determination of whether an endeavor by an individual (such as the remod- *357 elmg work in the present case) is a part of that person’s trade, business, or occupation is a factual determination that depends on the factual circumstances of each case. See Lushute v. Diesi, 354 So.2d 179 (La. 1977); Tolstonog v. Muller Restaurant Supply Co., 430 So.2d 243 (La.App. 4th Cir.1983). As this court stated in Chamberlin v. DeSoto, 463 So.2d 58, 60 (La. App.3d Cir.), writ denied, 466 So.2d 470 (La.1985):
“If a person not in the construction business undertakes to act as his own general contractor, it does not necessarily follow as a matter of law that such person is, or is not, in the construction business. This is a question of fact to be determined under the circumstances of each case.”
The case at hand involves the allegation that plaintiffs injuries should be compensable under the worker’s compensation provisions. Whether that act is applicable is purely a factual determination of whether the work done by the plaintiff when he was injured was part of the defendant’s trade, business, or occupation. Dr. Hayes’ primary occupation is that of a medical doctor. However, it is possible that he could be found to have acted as his own contractor on the renovation project. If so, it is possible that he could be considered as being in the construction business for this one job. If the doctor is considered as having engaged in a second trade or business, then plaintiff may have a viable workers’ compensation claim. See Doss v. American Ventures, Inc., 261 La. 920, 261 So.2d 615 (1972); Slocum v. Lamartiniere, 369 So.2d 201 (La.App. 3d Cir.), writ denied, 372 So.2d 569 (La.1979). Since the issue is a factual one, we hold that summary judgment is inappropriate. Lewis v. Exxon Corp., 441 So.2d 192, 196 (La.1983), appeal after remand, 451 So.2d 24 (La.App. 1st Cir.1984); Braud v. Dixie Machine Welding & Metal Works, 423 So.2d 1243, 1245 (La.App. 5th Cir.1982), writ denied, 430 So.2d 77, 78 (La.1983). Therefore, we hold that the trial court’s grant of defendant’s motion for summary judgment was erroneous.
The ruling by the trial court granting defendant’s motion for summary judgment is reversed and this case is remanded to that court for further proceedings. Costs of this appeal are taxed to defendant, Dr. Joe B. Hayes.
REVERSED AND REMANDED.